# Raff v. Isman, Appellant.

*Principal and agent—Personal liability of agent—Unregistered foreign corporation—Building contract.*

1. Where a citizen of this state signs a building contract "as agent for" a named company with knowledge that such company is an unregistered foreign corporation without authority to do business in this state, and the contractor has no such knowledge, the agent will be personally liable on the contract.

*Contract—Building contract—Extra work—Architect.*

2. Where a building contract provides that no alterations shall be made except upon the written order of the architects with the amount to be paid stated, and the architects in giving a written order for extra work, instead of stating the amount to be paid for it, merely direct the contractor "to keep an account of the cost of it," the owner will be held to have waived the provision of the contract, if it appears that after the architects had approved the contractor's bill, which included the extras, and given him a final certificate, the owner paid large sums on account thereof without objection.

Argued Jan. 17, 1912. Appeal, No. 300, Jan. T., 1912, by defendant from judgment of C. P. No. 2, Phila. Co., June T., 1908, No. 4153, on verdict for plaintiff in case of A. Raymond Raff v. Felix Isman. Before BROWN, MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ. Affirmed.

Assumpsit to recover balance due on a building contract. Before BARRATT, J.

The opinion of the Supreme Court states the case.

The court gave binding instructions for plaintiff.

Verdict and judgment for plaintiff for $9,421.96. Defendant appealed.

*Error assigned,* amongst others, was in giving binding instructions for plaintiff.

*Morris Wolf,* with him *Horace Stern,* for appellant.— "Whenever individual liability is imposed by statute upon officials for corporate action in excess of power, it is in the nature of a penal provision and is not to be extended by construction to cases not clearly within the law:" Stephenson v. Dodson, 36 Pa. Super. Ct. 343; Stoner v. Phillipi, 41 Pa. Super. Ct. 118.

The testimony shows that the Hepner Company at the time that the defendant made the contract was not engaged in business in Pennsylvania, and therefore was not in default in failing to register: Liebig Mfg. Co. v. Hill, 7 Pa. Super. Ct. 15; Del. River Quarry & Construction Co. v. Bethlehem etc. Ry. Co., 204 Pa. 22; De La Vergne Refrigerating Mach. Co. v. Kolischer, 214 Pa. 400; People's Bldg. Loan & Sav. Assn. v. Berlin, 201 Pa. 1; New York & Scranton Construction Co. v. Winton, 208 Pa. 467; Phoenix Silk Mfg. Co. v. Reilly, 187 Pa. 526.

An architect or engineer has no general authority to dispense with, waive, vary or alter the conditions of a building contract. His duty is to see that it is faithfully fulfilled according to its terms: Gillison v. Wanamaker, 140 Pa. 358; Shultz v. Seibel, 209 Pa. 27; Ruch v. York, 233 Pa. 36; Wagner Co. v. Cawker, 112 Wis. 532 (88 N. W. Repr. 599; James Reilly Repair & Supply Co. v. Smith, 177 Fed. Repr. 168; Van Buskirk v. Board of Education, 75 Atl. Repr. 909.

*James Jay Gordon,* for appellee.—This is ruled by Lasher v. Stimson, 145 Pa. 30.

The authority of Lasher v. Stimson, has never been questioned and could not be without striking at the foundations of the law. Its reasoning has been adopted in numerous cases, both in federal and state courts: Bond v. Stoughton, 26 Pa. Super. Ct. 483; De La Vergne Refrigerating Mach. Co. v. Kolischer, 214 Pa. 400; Building, Loan & Savs. Assn. v. Berlin, 15 Pa. Super. Ct. 393; Buffalo Refrigerating Mach. Co. v. Heat & Power

Co., 178 Fed. Repr. 696; Building, Loan & Savs. Assn. v. Neal, 15 Pa. Super. Ct. 400; Milsom Rendering & Fertilizing Co. v. Kelly, 10 Pa. Super. Ct. 565.

The rule that the investing of capital by an unregistered foreign corporation constitutes doing business, is laid down in numerous decisions in Pennsylvania. Kilgore v. Smith, 122 Pa. 48; People's Bldg., Loan & Savs. Assn. v. Berlin, 201 Pa. 1; N. Y. & Scranton Construction Co. v. Winton, 208 Pa. 467; Pavilion Co. v. Hamilton, 15 Pa. Super. Ct. 392; Building, Loan & Savs. Assn. v. Berlin, 15 Pa. Super. Ct. 393.

The provision as to extra work was waived: Focht v. Rosenbaum, 176 Pa. 14; Robinson v. Baird, 165 Pa. 505.

OPINION BY MR. JUSTICE BROWN, March 18, 1912:

The defendant below offered no testimony, and, on the case as made out by the plaintiff, a verdict was directed in his favor upon which the judgment appealed from was subsequently entered. On August 3, 1907, the appellee entered into a written contract, in the city of Philadelphia, with the appellant, to provide, in accordance with certain drawings and specifications, all the materials and perform all the work for the alterations and additions to a building situated at Broad and Walnut streets, in the city of Philadelphia. The building was known as the Hepner Hair Emporium, and Isman, the appellant, signed the contract "as agent for Hepner Hair Emporium Co." The work called for by the contract was to be done under the direction of Stearns & Castor, architects employed by Isman. For the work called for by the contract the appellee was to receive the sum of $17,500, and all payments for work done were to be due when certificates for the same were issued by the architects. Provision was made for payment for extra or additional work. In accordance with the terms and provisions of the contract and under the direction of the said architects, the appellee, between August 7, 1907, and November 20 of the same year, provided all

the materials and performed all the work necessary to
complete the alteration and additions to the building, as
called for by the contract, and, in addition, did some
extra work. On December 5, 1907, the architects issued
a final certificate, showing that there was due to the
appellee, less the sums that he had received up to that
time, $22,588.88, which included not only the contract
price of $17,500, but $5,088.88 for the extra or additional
work. At the time this action was brought the appellee
had received on account of his claim $14,951.73. Of
this sum $7,451.78 had been paid to him after he had re-
ceived the architects' final certificate of December 5,
1907. Neither at the time of the making of the contract
of August 3, 1907, nor at any time the work was being
done under it, was the Hepner Hair Emporium Com-
pany—a corporation of the state of Delaware, for which
the appellant had assumed to act as agent in making the
contract—registered in the office of the secretary of the
commonwealth, as required by the Act of April 22, 1874,
P. L. 108, and it was not, therefore, entitled to do busi-
ness in this state at the time of the execution or during
the performance of the contract. The verdict was di-
rected for the plaintiff, because the learned trial judge
was of opinion that, under the foregoing undisputed
facts, the defendant had become personally liable to the
plaintiff in contracting with him as an agent for a princi-
pal which had no existence in this state.

It does not appear that, when the appellee entered
into the contract, or at any time during its performance,
he knew that the principal for whom Isman, the ap-
pellant, had assumed to act, was a corporation, much
less a foreign one, incapable of transacting business in
this state. On the contrary, his uncontradicted testi-
mony is that he did not learn that the Hepner Hair Em-
porium Company was a corporation until the latter
part of June, 1908—more than six months after he had
performed his contract and received the final certificate
of the architects as to the amount due him. Before en-

tering into the contract he inquired of Isman about the financial responsibility of the company, and was informed by the latter that he and three others, whom he named, were backing it. Isman knew his principal was a foreign corporation and is presumed to have known that it had not registered in this state, and could not, therefore, legally transact any business here; but, with this knowledge, he induced the appellee to contract with him as agent for a principal having no corporate existence in this state. In entering into the contract he held himself out to the appellee as an agent for a company designated as owner of a building situated at Broad and Walnut streets, in the city of Philadelphia, and known as the Hepner Hair Emporium. This was presumably the place of the company's business, in which a part of its capital had been invested and in which, by the terms of the contract with the appellee, Isman, as its agent, undertook to invest more for alterations and additions to the building. When the contract was signed, the Hepner Hair Emporium Company was utterly without authority to do any business within this commonwealth, and what it could not do itself it could not authorize any one else to do for it. Isman is presumed to have known its incapacity to do business here, and must bear the consequences of knowingly inducing another to contract with him as the agent of such a principal. He has shown nothing to relieve him from the rule as laid down in Lasher v. Stimson, 145 Pa. 30, where, in passing on the liability of Stimson, who had undertaken to contract for the Sudsena Manufacturing Company, a foreign corporation which had not registered here, we said, through Mr. Justice McCollum: "It is clear that the company could not authorize him to do business for it in this state, and that he must be regarded as cognizant of its non-compliance with the terms prescribed by our statute, and of its consequent incapacity. When a person assumes to act for another, knowing that he is not auth-

orized to do so, he becomes personally liable to the party with whom he deals for or on account of his alleged principal This doctrine is so familiar and well established that citation of authority for it is unnecessary. We think the case before us falls clearly within this principle. The appellant was not charged with the duty of inquiring whether the Sudsena company was a foreign corporation, and if so, whether it had complied with the laws which allowed it to transact business here, when, as the special verdict finds, he did not know 'that it was a corporation at all.' A citizen of this state who has a business transaction with another as agent of a foreign corporation, may rely on the representation of the agent as to his authority, without releasing him from his common law liability as principal, if it turns out that his action was unauthorized. In other words, his failure to make search in the office of the secretary of the commonwealth, for the statement which the corporation ought to file there, will not inure to the benefit of the person who falsely pretended that he was its duly constituted agent. We think that as the appellee acted without authority from the Sudsena company, and it was non-existent as to Pennsylvania, he is clearly liable to the appellant for the work done and goods furnished on his order while professedly acting in its behalf."

But it is contended by the appellant, that, even if he is liable on the contract with the appellee, he cannot be held accountable for $4,042.72 of the balance claimed to be due, because these figures represent the cost of work done, either under verbal orders given by the architects or under their written orders, in which they failed to state the amount to be paid for the extra work. A requirement of the contract was that no alterations—that is, changes in the work as defined by the specifications— should be made except upon the written order of the architects, in which the amount to be paid for such alterations was to be stated. Unless this provision was

waived, the appellant's right is to call for its enforcement.

It is not disputed that the appellee did the extra work and furnished the extra materials charged for. On the contrary, in addition to an admission in the affidavit of defense, which was offered in evidence, it was admitted by appellant's counsel on the trial that the bill for the extras was correct in amount, and liability to pay for them was denied solely on the ground that they had not been ordered in the manner provided for in the contract. On December 11, 1907, appellant's architects wrote the appellee as follows: "On December 5 we sent to Mr. Felix Isman's office final certificate covering the balance due you on the Broad and Walnut street job. We enclose herewith memo as to just how we made the account up." The admission of this letter is the subject of the first assignment of error. Its admission could not have injured the defendant, and we have not been informed by counsel for appellant why it should not have been admitted. It was a mere notice from the architects to the appellee that, as he had performed his contract, they had, in pursuance of their duties, sent to Isman, with whom he had contracted, a final estimate showing the amount due. The appellee was entitled to this notice, and proof that it had been given him by the architects did the appellant no possible harm. After the architects had approved the appellee's bill and given him a final certificate, he handed the same to the appellant and the latter paid on that final certificate, without questioning it, $5,000, as follows: Two thousand five hundred dollars by his two individual notes, given December 23, 1907, and $2,500 by two similar notes, given February 19, 1908. The work was done by the appellee, was accepted by the appellant and, upon the final certificate, which was in his hands, he gave his own notes to the appellee for $5,000 in payment on account of what was due. In giving a written order to the appellee to do some extra work, the architects, instead of stating the

amount to be paid for it, merely directed the appellee "to keep an account of the cost of it." The clause upon which the appellant relies to relieve him from paying for a portion of the extra work must be regarded as having been waived. Upon a review of the whole case, we are of opinion that the direction of a verdict for the plaintiff was proper.

The assignments of error are all overruled and the judgment is affirmed.