(No. 11171.—Reversed and remanded.)

JOSEPH T. RYERSON & SON, Appellant, *vs.* ALVA J. SHAW *et al.* Appellees.

*Opinion filed February 21, 1917—Rehearing denied April 6, 1917.*

1. CORPORATIONS—*corporation has no existence beyond boundaries of State where created.* A corporation is an artificial entity existing only in contemplation of the law of its creation and has no existence beyond the boundaries of the State creating it, and that State cannot authorize it to exercise its franchises in other States.

2. SAME—*a foreign corporation need not have an existence in this State but by consent may do business here on the principle of comity.* It is not necessary that a foreign corporation have an existence in this State as a corporation but with the consent of this State it may do business here on the principle of comity.

3. SAME—*State may exclude a foreign corporation entirely or fix conditions under which it may do business.* With the exception of foreign corporations in the service of the United States or engaged in inter-State or foreign commerce the permission of a State to exercise corporate functions therein is necessary, and any State may exclude such corporation entirely or fix the conditions under which it may do business in the State.

4. SAME—*foreign corporation cannot sue on its contract if it has not complied with conditions for doing business in the State.* Where the State has fixed the conditions under which a. foreign corporation may transact business therein and declared it unlawful for such a corporation to do business in the State unless it has complied with the conditions prescribed by the act, a contract of the corporation is void and no action can be maintained by it thereon.

5. SAME—*estoppel of foreign corporation to deny validity of its contract does not affect liability of its officers.* Neither the doctrine by which a foreign corporation is estopped to deny the validity of its contracts nor the liability of such a corporation to any

statutory penalties affects the question whether individual rights may be enforced against directors, officers and agents who incur liabilities or make contracts in the name of the corporation.

6. SAME—*one dealing with a foreign corporation is not presumed to know that it has not complied with the laws of the State.* A person who assumes to act as agent for a legally incompetent principal renders himself personally liable to the person· with whom he deals unless such person knows of the want of authority, and a person who deals with an officer or agent of a foreign corporation cannot be presumed to know that the corporation has not complied with the laws of this State.

7. SAME—*when officers of a foreign corporation are personally liable for contracts entered into in name of the corporation.* The directors, officers and agents of a foreign corporation which has not complied with the law authorizing it to do business in this State are personally liable for debts contracted by them in the name of the corporation.

8. SAME—*person contracting with foreign corporation unlawfully doing business in Illinois need not first sue the corporation.* Where the officers and directors of a foreign corporation are personally liable, in the first instance, on contracts made in the name of the corporation and are not mere sureties, the other party may sue such officers and directors without first proceeding against the corporation or showing that the debt has not been paid out of the corporate assets.

APPEAL from the First Branch Appellate Court for the First District;—heard in that court on appeal from the Municipal Court of Chicago; the Hon. JAMES C. MARTIN, Judge, presiding.

ERIC WINTERS, for appellant.

SAMUEL G. GRODSON, LOUIS J. BLUM, and EDGAR C. BLUM, for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The Appellate Court for the First District affirmed the judgment entered in this cause by the municipal court of Chicago and granted a certificate of importance and an appeal to·this court.

The amended statement of claim averred that the plaintiff was a corporation organized and existing under and by virtue of the laws of this State; that the Chicago Car and Equipment Company was organized as a corporation for profit under the laws of the State of Maine and never had complied with the provisions of the act to regulate the admission of foreign corporations for profit to do business in this State; that during the years 1909, 1910 and 1911 the defendants, Alva J. Shaw, Abraham L. Jacobs and John F. Wagner, were officers, agents and directors of the Chicago Car and Equipment Company and were carrying on the business of repairing and manufacturing cars in this State for and in the name of that corporation; that each of the defendants participated in the transactions therein set forth; that at divers and sundry times during said years the plaintiff sold and delivered to the defendants at their request, in the name of said corporation, in the State of Illinois, certain iron, steel and other merchandise, and made certain repairs upon machinery leased by the plaintiff to the defendants at the like request of the defendants and in the name of said corporation, and that there was due to the plaintiff from the defendants $1046.94 and interest thereon.

The defendants Alva J. Shaw and John F. Wagner filed their amended affidavit of merits, in which they denied that they were engaged in the years 1909, 1910 and 1911 in carrying on the business of repairing and manufacturing cars in this State for and in the name of the Chicago Car and Equipment Company, or that they participated in the transactions between plaintiff and the Chicago Car and Equipment Company, or that during said years the plaintiff sold and delivered to them, at their request, the commodities mentioned in the amended statement of claim or made repairs upon machinery at their request, or that they were, or either of them was, instrumental in the purchase of any such goods, wares or merchandise or the making of any such repairs. They averred that the Chicago Car and

Equipment Company during the years 1909 to 1911, inclusive, was a legally organized corporation under the laws of the State of Maine, and that the plaintiff dealt with the corporation in its corporate capacity and was estopped from questioning the legal existence of the corporation. The defendant Abraham L. Jacobs had filed two affidavits of merits to former statements of claim, denying that he ordered any goods or repairs and averring that the goods for which claim was made were delivered to the Chicago Car and Equipment Company, and these affidavits stood to the amended statement. It was not denied in any of the affidavits of merits that the Chicago Car and Equipment Company was a corporation for profit, organized and existing under the laws of the State of Maine; that during the years 1909, 1910 and 1911 the defendants were officers, agents or directors of said corporation, or that the corporation had not complied with the provisions of the act regulating the admission of foreign corporations for profit to do business in the State of Illinois, and those averments of fact in the amended statement of claim were therefore admitted.

The cause was tried by the court without a jury, and evidence was introduced tending to prove that Alva J. Shaw was president of the Chicago Car and Equipment Company, that Abraham L. Jacobs was vice-president and general manager, that John F. Wagner was secretary and treasurer, and said defendants were directors. The business was carried on in the name of the corporation in this State, and material was purchased from the plaintiff in the name of the corporation and repairs were furnished. There was testimony for the defendants that in December, 1910, Shaw and Wagner resigned their offices and turned over to Jacobs their stock in the corporation, but their relation to the corporation was admitted by the pleadings, as above stated, and it appeared that no notice was ever given to the plaintiff that Shaw had severed his connection with the corporation, and it had no notice until August, 1911, that Wagner was

no longer connected with the corporation. The court found the issues for the plaintiff against the defendant Jacobs and entered judgment against him for $917.59, but found the issues for the defendants Shaw and Wagner against the plaintiff and entered judgment accordingly. On the appeal to the Appellate Court Jacobs did not appear and he does not appear in this court. The Appellate Court held as a matter of law that there was no liability of Shaw and Wagner and affirmed the judgment.

On the trial the plaintiff tendered three propositions of law, the first of which stated that if persons associate themselves together to become a corporation but do not comply with the laws so as to become a corporation they will be liable as partners for contracts made by them in the name assumed as the corporate name,—and this proposition the court held to be the law but evidently did not regard it as having any application to the case. The third proposition was as follows:

"The plaintiff offers as a proposition of law that in a suit by a creditor against agents or officers or directors of a corporation or pretended corporation, either domestic or foreign, which has failed to comply with the provisions of the law to enable such corporation or pretended corporation to transact business in this State, such agents or officers or directors are jointly and severally liable as partners for goods and merchandise sold and delivered to and in the name of such corporation or pretended corporation."

This proposition was refused by the court, and the question whether the court erred in its refusal depends upon whether directors, officers and agents of a foreign corporation who do business in this State in the name of the corporation without lawful authority are personally liable for the debts they contract. It is argued in behalf of the appellant that Alva J. Shaw and John F. Wagner were liable under section 18 of the act concerning corporations organized under the laws of this State, which declares officers,

agents and directors assuming to exercise corporate powers without complying with the provisions of the act to be jointly and severally liable for all debts and liabilities made by them and contracted in the name of the corporation or pretended corporation. The liability thus declared by section 18 was embodied in the first proposition of law held by the court but not applied,—unless to Abraham L. Jacobs,—and the argument that it should have been applied is based on the ground that section 1 of the act regulating the admission of foreign corporations for profit to do business in this State provides that such corporations shall be subject to all the regulations prescribed in the act as well as all other regulations, limitations and restrictions applying to corporations of like character organized under the laws of this State. That provision subjects foreign corporations admitted to do business in this State to the same regulations as domestic corporations, but it does not apply to a foreign corporation prohibited from doing business in this State. There was no claim that the Chicago Car and Equipment Company had not legally completed its organization in the State of Maine, but, on the contrary, it was averred and admitted that it was a corporation organized and existing under the laws of that State. The question whether it was a corporation *de jure* or not is in no way involved in the case, and the first proposition held by the court had no relation to the controversy.

A corporation is an artificial entity existing only in contemplation of the law of its creation, and the Chicago Car and Equipment Company being organized under the laws of the State of Maine had no existence beyond the boundaries of that State. (*Bank of Augusta* v. *Earle,* 13 Pet. 519; *Paul* v. *Virginia,* 8 Wall. 168; *Waters-Pierce Oil Co.* v. *Texas,* 177 U. S. 28; *New York Life Ins. Co.* v. *Craven,* 178 id. 389; *Hancock Mutual Life Ins. Co.* v. *Warren,* 181 id. 73.) The corporation was without power to perform strictly corporate acts outside of the State of its creation,

277 — 34

(*Harding* v. *American Glucose Co.* 182 Ill. 551,) and the State of Maine could not authorize it to exercise its franchises in other States. It was not necessary that the corporation should have an existence in this State as a corporation, but with the consent of this State it could do business here on the principle of comity. With the exception of corporations in the service of the United States or engaged in inter-State or foreign commerce the permission of a State to exercise corporate functions therein is necessary, and any State may exclude a foreign corporation entirely or fix the conditions under which it may do business in the State. (*Alpena Cement Co.* v. *Jenkins & Reynolds Co.* 244 Ill. 354.) Where the State has fixed the conditions under which a foreign corporation may transact business therein and declared it unlawful for such a corporation to do business in the State unless it has complied with the conditions prescribed by the act, a contract of the corporation is void and no action can be maintained by it thereon. (*Cincinnati Mut. Health Assurance Co.* v. *Rosenthal,* 55 Ill. 85; *United Lead Co.* v. *Reedy Elevator Manf. Co.* 222 id. 199; *Finch & Co.* v. *Zenith Furnace Co.* 245 id. 586.) It is true that a foreign corporation, when sued, is estopped from making the defense that it had no lawful authority to do business or make the contract out of which the cause of action arises, but that is equally true of a domestic corporation *de facto* although it has not become a corporation *de jure,* and the estoppel in either case does not determine the question of the personal liability of those participating in the business or making the contract. By the application of the ordinary principles of law, where a statute provides that any violation of its requirements shall be a misdemeanor any contract in violation of the statute is void, and while a foreign corporation is estopped to deny the validity of its contract, the estoppel is not mutual, and the other party to the contract is not estopped to deny its validity and to assert his rights. (*Parke, Davis & Co.* v. *Mullett,* 245 Mo. 168;

*American Amusement Co.* v. *Eastlake Chutes Co.* 174 Ala.
526; Ann. Cas. 1914a, 709.) The statute prescribes a penalty of not less than $1000 and not exceeding $10,000 for
neglect or failure to comply with the provisions of the act,
and this penalty may be enforced against the corporation,
but the liability of the corporation to that penalty does not
affect the question whether individual rights may be enforced against directors, officers and agents who incur liabilities or make contracts in the name of the corporation.
Section 3 of the act regulating the admission of foreign
corporations requires such a corporation to pay into the
office of the Secretary of State, on the proportion of the
stock represented by its property and business in Illinois,
the same fees required of similar corporations formed under the laws of this State, and the penalty prescribed is to
compel obedience to the statute and to satisfy the public
wrong and fraud upon the State. In Colorado, and perhaps ·some other States, it is expressly provided by statute
that the failure of a foreign corporation to comply with the
requirements for doing business within the State shall render each and every officer, agent and stockholder, jointly
and severally, personally liable on any and all contracts of
the corporation made within the State during the time the
corporation is in default. There is no similar statute in this
State, and such a statute is much broader than the liability
claimed in this case, because it includes stockholders and
others having nothing to do with the particular business or
contract out of which a cause of action arises.

· . There being no statute declaring a liability of officers or
agents representing a corporation not permitted to transact
business in this State, the question of the liability of the
defendants must depend on the application of rules of law
under like conditions. The general rule is, that a person
who assumes to act as agent for a legally incompetent principal renders himself personally liable to the person with
whom he deals unless such person knows of the want of

authority, (31 Cyc. 1548,) and one dealing with an officer or agent of a foreign corporation cannot be presumed to know that the corporation has not complied with the laws of the State. In the case of *Bigelow* v. *Gregory,* 73 Ill. 197, the defendants were sued as partners doing business under the name and style of Warfield Cold Water Soap Company of Milwaukee and claimed exemption from individual liability by reason of having become a corporation of Wisconsin, and it was held that they were liable on the ground that they had not complied with the statutory requirements. In *Loverin* v. *McLaughlin,* 161 Ill. 417, where the liability created by section 18 of the Corporation act was enforced, it was held that, independently of that section, a company which is not a corporate body is a partnership. In *Hill* v. *Beach,* 12 N. J. Eq. 31, where individuals had gone from New Jersey to New York and attempted to organize a corporation and transacted business under the corporate name in New Jersey, it was held that they were to be treated as partners trading under the name they had assumed. It seems that the same rule ought to be applied to directors and officers of a foreign corporation prohibited from doing business in this State where they participated in making contracts void by our law, and it has been applied in several cases in other jurisdictions. In *Lasher* v. *Stimson,* 145 Pa. 30, Stimson was sued for goods furnished and work and labor done at his instance for a foreign corporation doing business in Pennsylvania without having complied with its law. The court said that the corporation could not, by virtue of its charter, exercise its functions beyond the territorial limits of the sovereignty which created it, and that the statute stamped as unlawful any business transacted by a foreign corporation which had not complied with the conditions for admission to the State. Stimson was held liable for the work done and goods furnished because he assumed to act for another knowing that he was not authorized to do the act, and it was held that his liabil-

ity was not limited to the statutory penalty but was in addition thereto, as a common law responsibility to the person with whom he dealt. In *Raff* v. *Isman*, 235 Pa. 347, an agent of a foreign corporation made a contract in the name of the corporation and was sued by the other party to the contract. It was held that he was liable because he made the contract in the name of a corporation which was without authority to do any business within the commonwealth, and what it could not do itself it could not authorize anyone else to do. In *Taylor* v. *Branham*, 35 Fla. 295, persons who had formed a corporation in Tennessee engaged in business in Florida without authority and contracted a debt, and it was held that their liability was that of partners. These decisions are in harmony with general principles and seem to us correct, from which it follows that the court erred in refusing to hold the third proposition of law.

It is argued that there was no right to recover in any event because the plaintiff had not first exhausted its remedy against the Chicago Car and Equipment Company and did not show that the debt had not been paid by that company, which is the rule where officers and directors are made sureties, and if payment is made out of the assets of the corporation they are exonerated. (*Slater* v. *Taylor*, 241 Ill. 102.) It has no application to an original liability created by the making of a contract.

Counsel on both sides have argued the question whether in case of a recovery there would be a liability for interest. When the case is tried again the right to recover interest will depend upon the proof upon that trial and will be governed by the statute, and there is no question on this record of error in allowing or refusing to allow interest.

The judgments of the municipal court and the Appellate Court are reversed and the cause is remanded to the municipal court. *Reversed and remanded.*