## The Class Journal Company, Appellee, v. Edward S. Harlan, Appellant.

## Gen. No. 24,719.

CORPORATIONS, § 720a*—*when agent of foreign corporation which has not complied with statute is not liable on contract.* An agent of a foreign corporation doing business in this State without complying with the statute relating to foreign corporations was not liable upon an advertising contract on the ground that he made the contract for the corporation, in view of the allegations of the affidavit of defense that the contract in question was not made in this state, and in the absence of proof on plaintiff's part that it was so made.

Appeal from the Municipal Court of Chicago; the Hon. HARRY P. DOLAN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1918. Reversed. Opinion filed October 10, 1919.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number,

CLELAND, LEE & PHELPS, for appellant; ROBERT G. PHELPS, of counsel.

ADAMS, CHILDS, BOBB & WESCOTT, for appellee.

MR. JUSTICE BARNES delivered the opinion of the court.

The judgment appealed from is for $246.20, a balance due upon a contract for advertising in plaintiff's publication. The contract was in the name of the Miller Carburetor Sales Corporation and made through appellant as its president. Both Harlan and the corporation were made party defendants and charged with joint liability and promise to pay, on which issue was taken. The corporation was dismissed out of the case and the court entered a judgment on the finding and issues against Harlan. There was no proof of a joint liability or of any liability by Harlan. Presumably the court deemed him liable simply by reason of the allegations and proof that said sales corporation was a foreign corporation doing business for profit in this State without complying with the statutory provisions relating to such foreign corporations, and on the ground that Harlan made the contract for it. But the affidavit of defense alleged that said contract was not made in this State and plaintiff did not attempt to show that it was, as he was bound to do to support his allegations and establish liability. For the liability, if any, must arise out of the contract in question under the rule recognized in *Joseph T. Ryerson & Son v. Shaw,* 277 Ill. 524, "that a person who assumes to act as agent for a legally incompetent principal renders himself personally liable to the person with whom he deals unless such person knows of the want of authority." But in that case and those cited therein the corporation was incompetent to transact the particular business

out of which the liability arose by reason of its failure to comply with the laws of the State where the business was transacted or contract made. The Miller Carburetor Sales Company is a California corporation and for aught that appears to the contrary the contract in question was made where it was authorized to exercise its functions. Harlan could not be held liable under the rule applied in the *Ryerson* case, *supra*, simply because the corporation unlawfully did other business in this State. There being no proof that the contract entered into through Harlan was made in this State or where it was invalid, and no proof of his liability on any other recognized theory, the judgment must be reversed. We need not, therefore, discuss the questions of procedure that otherwise might be pertinent.

*Reversed.*