THE AMERICAN SOAP CO. v. BOGUE.

*Corporations—Personal liability of officers and stockholders—
Contracts executed in name of illegal corporation—Foreign
corporation fails to qualify to do business in Ohio—
Officers not liable for debts incurred, when.*

1. Officers and stockholders who transact business in name
   of illegal corporation are personally liable on contracts
   into which they enter.
2. Failure of a legally existing foreign corporation to secure
   certificate authorizing it to transact business within
   state in compliance with Section 178 *et seq.*, General Code,
   *held* not to make its officers liable for its debts incurred
   in furtherance of its business within state.

(Decided July 6, 1926.)

ERROR: Court of Appeals for Hamilton county.

*Mr. H. J. Siebenthaler,* for plaintiff in error.
*Messrs. De Camp, Sutphin & Brumleve* and *Mr.
L. R. Lytle,* for defendant in error.

HAMILTON, J.   The parties stand here in the
order in which they appeared in the trial court.
The plaintiff alleges in its petition that the defend-
ant, at the time the cause of action accrued, was
president, manager, and director of the Ferndell
Co-operative Cafeteria Company, a corporation
organized August 31, 1914, under the laws of the
state of Illinois, and that shortly after the in-
corporation of the company, the defendant, as its

_____

[1] Corporations, 14a C. J. § 1951; [2] Id., § 4017.

president and general manager, opened a restaurant in Cincinnati, Ohio, and, in the course of business, ordered from the plaintiff certain goods and merchandise.

The petition further alleges that such corporation was not authorized to transact business in the state of Ohio, and that by reason thereof the defendant herein is personally liable for all the obligations incurred in the name of the company in this state, and. alleges that the other officers and directors are also liable for the debts incurred in this state, but are not joined as party defendants, as their names and addresses are at this time unknown to the plaintiff.

The petition further alleges that there was due plaintiff by the defendant on an account, a copy of which is attached to the petition, the sum of $902, but that on December 13, 1923, the cafeteria company was declared a bankrupt, and a dividend of 10 per cent. was paid on the account, leaving a balance of $811.80. The petition prays judgment against the defendant, Bogue, for that sum.

To this petition a demurrer was filed, on the ground that the petition does not state facts sufficient to show a cause of action against the defendant. The trial court sustained the demurrer, and the plaintiff, not wishing to plead further, judgment was rendered in favor of the defendant. From that judgment, the plaintiff prosecutes error to this court.

The question for determination is, Does the failure of a foreign corporation, duly and legally organized and existing, to comply with Section

178 *et seq.*, General Code, relating to the securing of a certificate from the secretary of state authorizing it to transact business in Ohio, make the officers and directors of such corporation personally liable for the debts of the corporation incurred in the furtherance of its business in the state of Ohio?

This question was decided by the Court of Appeals of Ross county, in June, 1924, in the case of *Cronin* v. *Green.* The case is unreported, but we have before us the opinion of Sayre, Judge, concurred in by the other members of the court. The court concludes the opinion as follows:

"We feel we are bound to hold that the stockholders who attempt to exercise the powers of a foreign corporation, which is without authority to do business in the state, are liable as partners for their contracts."

One of the cases relied upon by the Ross County Court of Appeals, and also relied upon by counsel in this case, is *Ryerson & Son* v. *Shaw,* 277 Ill., 524, 115 N. E., 650, wherein that court, in the seventh paragraph of the syllabus, holds:

"The directors, officers, and agents of a foreign corporation which has not complied with the law authorizing it to do business in this state are personally liable for debts contracted by them in the name of the corporation."

These decisions are clear, holding the officers and agents liable as partners, and, if binding upon this court, we would have to hold the trial court in error in sustaining the demurrer to the petition; but, since they are not binding upon this court.

we are put to the task of pronouncing our view of this question of law.

After extended investigation and consideration, we have arrived at the conclusion that these decisions are not sound law. If the corporation in question was an illegal corporation, the *Cronin* and *Shaw cases* would properly pronounce the law, as there has never been any question that, where officers and stockholders transact business in the name of an illegal corporation, they are personally liable on the contracts into which they enter.

A reading of the *Shaw* and *Cronin cases* discloses that the Illinois court and the Ross County Court of Appeals premised their decisions upon the principle laid down in 31 Cyc., pp. 1548, 1549, which is as follows: "A person who assumes to act as agent for a nonexisting or a legally incompetent or irresponsible principal renders himself personally liable to the person with whom he deals," if the want of authority is unknown to the person with whom he deals.

The above rule of law is based upon the proposition of a nonexisting or a legally incompetent or irresponsible principal. We have no such case here. The cafeteria corporation involved herein was a legally competent and duly organized corporation under the laws of Illinois. Under the comity of the states, all that was necessary for it to do, to transact business in Ohio, in the same way that a domestic corporation may act, was to file the information required under the Code, and receive the certificate from the secretary of state, authorizing it to transact such business. This is a statutory requirement, a legislative enactment.

There is nothing in the statute adding a personal civil liability, by reason of transaction of business in Ohio, upon failure to take out such certificate. Corporations are solely creatures of the statutes. By statutes they are made liable upon their contracts, but are precluded from maintaining an action, or defending, in the absence of such certificate. The statute adds a penalty for agents or officers who represent such corporations, in the absence of such authority from the state; but nowhere is there any mention of personal civil liability on the part of the officers or stockholders of the company.

It may be well to state that if the officers are liable as partners, the stockholders must be so held, since they are all a part of the corporation. Many of the states, by statutes, make such officers and stockholders personally liable, as partners, where they fail to comply with the requirements of the statute authorizing the corporation to do business in such state. In all the cases holding individual liability, upon failure to comply with requirements of the state laws empowering corporations to transact business within such state, the decisions are based upon the common-law rule, as in the *Shaw* and *Cronin* cases. We have no common-law rule to apply, as we see it. The statute seems to have been enacted for the purpose of protecting parties in the state in their contracts with such corporations, and facilitating court action thereunder. If it was the intention of the Legislature to create a partnership liability on the part of the officers and stockholders of such corporation, the Legislature could have done so in

connection with the other provisions governing the authority to transact business in Ohio.

Our conclusion is that to hold the officers and directors liable as partners for the failure to secure the certificate to transact business in the state would be to judicially legislate. We are therefore of opinion that the trial court was correct in sustaining the demurrer.

This conclusion, being in direct conflict with the decision of the Court of Appeals of the Fourth Appellate District, we find it necessary to certify this case to the Supreme Court for final decision.

*Judgment affirmed.*

BUCHWALTER, P. J., and CUSHING, J., concur.