A. L. Van Ameringen, Appellant, v. Otto J. Cohen and B. Thayer, Appellees.

Gen. No. 33,465.

Opinion filed October 14, 1929. Rehearing denied October 28, 1929.

HARRIS, REINHARDT & RUSSELL, for appellant; HERBERT BEBB, of counsel.

GUSTAV E. BEERLY, for appellees; GEO. F. ORT, of counsel.

MR. JUSTICE MATCHETT delivered the opinion of the court.

Van Ameringen sued Cohen and Thayer, alleging that they were personally liable on account of the execution by them as president and treasurer of Vanard, Inc., a corporation, of a trade acceptance for the sum of $5,586.02 at Chicago, Illinois, on May 7, 1927, due to the order of plaintiff on August 7, 1927.

The statement of claim averred that Vanard, Inc., is a New York corporation and that plaintiff did not know that Vanard, Inc., was not authorized to do business in Illinois, and further stated, "plaintiff's claim arises out of the purchase of goods, for release by plaintiff of certain accounts assigned to plaintiff and for sundry moneys paid out to and for the defendants in the name of said corporation within the State of Illinois as evidenced in part by a trade acceptance." The trade acceptance is set up verbatim and it is further averred that the defendants knew the corporation paid on account thereof on June 2, 1927, $500, but that the balance with interest and protest fees was due.

The affidavit of merits admitted that Vanard, Inc., was a New York corporation; denied that defendants were officers, agents or directors or were carrying on the business as alleged; admitted that the claim arose out of the purchase of goods from Vanard, Inc.; averred that all goods purchased by Vanard, Inc., from plaintiff were purchased and delivered in New York and that such purchases were upon orders given in New York; that no portion of the indebtedness was incurred in Illinois nor in the name of Vanard, Inc., nor was Vanard, Inc., doing business in Illinois within the statutes which would make the defendants personally liable; further averred that the trade acceptance was

not given for any debt contracted in Illinois under the name of Vanard, Inc., but was given in substitution of a previous acceptance due May 19, 1927, for $6,756.30, upon which certain payments had been made, leaving a balance of $5,586.02; that the trade acceptance of May 19, 1927, was given in payment of goods purchased and delivered in New York and that the transactions out of which it arose were solely within New York and not within Illinois; that the debt was a corporate debt of Vanard, Inc., a New York corporation; that the defendant Thayer did not participate in the creation of the obligation or in the transaction out of which it arose and hence is not liable as a director or officer of a foreign corporation; that Vanard, Inc., was not doing business in Illinois within the meaning of the Illinois Foreign Corporation Act, Cahill's St. ch. 32, ¶ 80 *et seq.*, and at no time transacted within Illinois any substantial part of its ordinary business; that the making of the trade acceptance dated May 7, 1927, was an isolated transaction and constituted the substitution of the trade acceptance of May 7, 1927, for one of a larger amount maturing May 10, 1927.

There was a trial by the court without a jury and a finding for the defendants, upon which the court entered judgment, which plaintiff seeks to reverse by this appeal.

The errors assigned and argued are that the judgment is contrary to the evidence and that the court erred in excluding certain evidence and offers to introduce evidence on the part of the plaintiff.

The evidence and offers excluded, however, consisted either of matters which were uncontradicted on the record or which, in the view we have taken of the case, were immaterial and therefore, even if the rulings of the court were erroneous the same did not constitute reversible error. The controlling question in the case therefore is whether the finding and judgment

are contrary to the evidence. An examination of the evidence discloses that there is little contradiction as to facts which are material.

Vanard, Inc., was a corporation organized under the laws of the State of New York. It was never authorized to do business in the State of Illinois. It carried on its business in the City of New York from the time of its incorporation in 1925 until the latter part of January, 1927. Defendant Cohen was the president and in control of the business of the corporation as conducted in New York. Defendant Thayer was the president of the Thayer Pharmacal Company, which manufactured toilet articles and perfumes, with an office in Chicago. Plaintiff Van Ameringen was a resident of New York and in the business there of selling essential oils, out of which the product, in which Vanard, Inc., dealt, was manufactured.

Vanard, Inc., became indebted to the Thayer Pharmacal Company and also became indebted to the plaintiff on account of transactions conducted wholly within the State of New York. The indebtedness of Vanard, Inc., was in the first instance evidenced by a trade acceptance executed in the State of New York secured by the assignment of certain accounts which were due to Vanard, Inc., from its customers. Upon the solicitation of defendant Cohen, Thayer advanced money to him, and Thayer later learned that plaintiff had also advanced money to Cohen, with whom plaintiff apparently maintained friendly relations. In January, 1927, Cohen came to Chicago and told defendant Thayer that he was "up against it," and offered to ship all the assets of the business to Chicago. Cohen told Thayer that the assets would equal the liabilities, and Thayer advanced money from time to time until he came to believe that the amount of assets had been misrepresented to him, when he ceased to make further advancements. Thayer began to act as treasurer of Vanard,

Inc., while it was still doing business in New York, and continued to act as treasurer and Cohen as president after the assets were removed to Chicago.

The New York office was closed and a bank account was opened in Chicago in the name of Vanard, Inc. Some 175 checks were drawn in the name of the corporation on this Chicago account for the purpose of paying demonstrators and necessary expenses incurred in conducting the business in Chicago. Both defendants signed the checks. The Chicago address was typewritten on Vanard, Inc., letterheads and envelopes. Some merchandise was sold in Illinois in the name of Vanard, Inc., and the agreement between Thayer and Cohen seemed to contemplate that each should receive one-half of any profits made out of the business.

The acceptance sued upon is dated May 7, 1927. It was made at Chicago by Cohen as president and Thayer as treasurer of Vanard, Inc. The original indebtedness was incurred in New York, and plaintiff testifies:

"As far as I can recollect, there was one trade acceptance given to me in January, 1927. I did not furnish Vanard, Inc., any moneys after they moved to Illinois. I sold some merchandise and shipped it to Chicago and had been paid for it, excepting $9. I could not tell you offhand whether the $9 is included in this trade acceptance.

"It is not a fact that the acceptance sued upon dated May 7th was in renewal of one dated February 10th, but it is true that when the second one was cancelled, the other became effective. The one of February 10th was carried over into the new one.

"The trade acceptance of February 10, 1927, was approximately $6,756.30. When it became due, $1,500 was paid and the balance was evidenced in a new trade acceptance dated May 7, 1927, so that the acceptance of May 7th was given in part renewal of one dated

February 10th. There was a trade acceptance preceding this for $7,500 dated November 8, 1926.''

Thus the evidence tends to show—contrary to plaintiff's contention—that the actual indebtedness which the trade acceptance sued on represented originally arose out of transactions carried on in New York exclusively and not in Illinois. When the last acceptance was given plaintiff, at the request of Cohen and at the suggestion of defendant Thayer, released the collateral which had theretofore been held as security for the debt, and plaintiff consented to make this release under the belief that defendant Thayer had taken an interest in the business of the corporation.

Thayer's evidence tends to show that the assets of Vanard, Inc., were sold to the Thayer Pharmacal Company before removal to Chicago and that the entire transaction of removing the business to Chicago was for the purpose of liquidating the affairs of the corporation. Cohen's evidence is to the contrary and tends to show a purpose to continue the business of Vanard, Inc., in Illinois.

In the view we have taken of the case, this conflict in the evidence is not controlling. The briefs of the parties leave us in considerable doubt as to the theory upon which plaintiff asserts defendants' liability. Plaintiff states that he seeks to hold defendants personally liable under section 149 of the Corporation Act (Cahill's St. ch. 32, ¶ 149; Smith-Hurd's Ill. Rev. St. 1927, ch. 32, p. 722), but the statement of claim does not refer to that section, and the only cases cited and relied on are *Ryerson & Son v. Shaw,* 277 Ill. 524, and *Critchfield & Co. v. Armour,* 228 Ill. App. 28, neither of which assumes to consider that section of the statute.

The present Corporation Act, Cahill's St. ch. 32, of which section 149 is a part, was approved June 28, 1919. The transaction upon which liability was found

in *Ryerson & Son v. Shaw, supra,* took place several years prior to that time. Section 149 of the present Corporation Act appears to be a revision of section 18 of the former act. (See Rev. St. 1874, ch. 32, secs. 4–18.) This section was construed in *Loverin v. Mc-Laughlin,* 161 Ill. 417, as applicable to the organization of domestic corporations. The opinion in *Ryerson & Son v. Shaw,* 277 Ill. 524, states:

"There being *no statute* declaring a liability of officers or agents representing a corporation not permitted to transact business in this State, the question of the liability of the defendants must depend on the application of rules of law under like conditions."

The transactions, too, upon which the court found a liability in *Critchfield & Co. v. Armour, supra,* arose out of transactions which took place prior to the enactment of the present statute, while section 18 of the act of 1874 was in force. That case seems to follow the reasoning in *Ryerson & Son v. Shaw, supra,* and like it bases the finding of liability upon common-law principles, namely, that where a person assumes to act as agent for a legally incompetent principal he renders himself personally liable to the person with whom he deals; and that one dealing with an officer or agent of a foreign corporation cannot be presumed to know that the corporation has not complied with the laws of the State. The same reasoning was applied by the Supreme court of Pennsylvania in *Raff v. Isman,* 235 Pa. 347.

We are not unaware that the language of section 149 of the act of 1919, Cahill's St. ch. 32, ¶ 149, differs quite materially from that of section 18 of the act of 1874, J. & A. ¶ 2435; but in view of the express language of the court in *Ryerson & Son v. Shaw, supra,* it would appear that if it had been the intention of the legislature to make this section applicable to an unlicensed foreign corporation, language would have been used

leaving no doubt as to the intention. Insofar as we are informed by the briefs, section 149 of the present act, Cahill's St. ch. 32, ¶ 149, has never been construed by the courts. However, even if it should be held applicable to the case of an unauthorized foreign corporation transacting business in this state, we do not think it could be so construed as to impose a liability upon defendants in this case. The courts held that section 18, J. & A. ¶ 2435, which, as we have seen, was at least analogous, was highly penal in its provisions and should therefore be strictly construed. *Vestal Co. v. Robertson,* 277 Ill. 425; *Inter-Ocean Newspaper Co. v. Robertson,* 296 Ill. 92. Under such construction we think defendants are not liable for the reason that the obligation upon which suit is brought was not ''made by them,'' and under a strict construction of the statute the creation of the obligation or indebtedness was a condition precedent to liability. On the other hand, if we consider the question on common-law principles, such as were followed in *Ryerson & Son v. Shaw, supra,* we must arrive at the same conclusion, since the obligation was created originally in New York by a New York corporation which had a perfect right to contract and was duly bound by its contract, exercising its powers within the State under whose statutes it came into existence. The principle, therefore, that one who contracts as agent in the name of a principal who does not exist, or who, existing, has conferred no authority upon the agent to act for him, is himself personally obligated, cannot be applied upon this record. There is therefore no liability, either under the statute or on common-law principles.

The finding of the trial judge was proper and the judgment entered on the finding is affirmed.

*Affirmed.*

McSURELY, P. J., and O'CONNOR, J., concur.