STEVE'S EQUIPMENT SERVICE, INC., Plaintiff-Appellant, *v.* HENRY RIEBRANDT, a/k/a Hank Brandt, d/b/a H & D Transport Corporation, *et al.*, Defendants-Appellees (Paul Esposito, d/b/a C.H.H., Inc., Defendant).

Second District   No. 83—171

Opinion filed January 12, 1984.—Rehearing denied February 15, 1984.

Keith E. Roberts, Robert R. Verchota, and Rodney W. Equi, all of Donovan & Roberts, P.C., of Wheaton, for appellant.

Henry Riebrandt, of Chicago, for appellees, *pro se.*

JUSTICE REINHARD delivered the opinion of the court:

Plaintiff, Steve's Equipment Service, Inc., appeals from a judgment entered after a bench trial, in favor of defendant, Henry Riebrandt, a/k/a Hank Brandt, d/b/a H & D Transport Corporation. Plaintiff sought to recover $2,300.13 from defendant and Paul Esposito, d/b/a C.H.H. (C.H.H.), for repairs plaintiff made to a 1974 Hendrickson truck tractor. The trial court entered judgment in favor of defendant and Esposito and against plaintiff, but entered judgment for plaintiff and against H & D Transport Corporation (H & D) in the amount of $2,300.13 plus $618.51 in interest. On appeal, plaintiff seeks to vacate the judgment in plaintiff's favor against H & D, to reverse the judgment in favor of defendant, and to have judgment against defendant entered in plaintiff's favor. Plaintiff does not challenge the judgment in Esposito's favor, and Esposito is not a party to this appeal.

The only issue plaintiff raises on appeal is whether the trial court erred in entering judgment against H & D, a dissolved corporation, rather than against defendant, who plaintiff claims purported to act on behalf of that dissolved corporation. Defendant did not file a brief on appeal. Therefore, we consider this case under the principles set forth in *First Capital Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493.

Plaintiff filed its original complaint in this matter on March 28, 1978. Plaintiff amended this complaint several times so that immediately prior to September 15, 1982, the named defendants in this suit were H & D Transport Corporation, a corporation, and Paul Esposito, d/b/a C.H.H. On September 15, 1982, pursuant to plaintiff's motion, the trial court substituted defendant as a party defendant for H & D. Plaintiff's motion for substitution was based on plaintiff's contention that H & D had been involuntarily dissolved on December 1, 1976, prior to the time plaintiff repaired the 1974 Hendrickson tractor. This case proceeded to trial on November 15, 1982.

At trial Steven L. Martines testified that he was plaintiff's president; that on February 2, 1977, he first saw the 1974 Hendrickson tractor involved in this case which was hauled in for repairs by C.H.H.; that the tractor had rolled over and plaintiff had repaired all visible damages and the bill was $14,822.13; that after the tractor went back on the street, it was determined there was additional transmission damage, which plaintiff repaired, and the bill was $2,041.85; that he talked with Paul Esposito of C.H.H. on the tele-

phone about the first repairs and worked up an estimate for the insurance company; that an insurance investigator came in, worked with him on the estimate, and told him H & D was the owner; that he was also told by the insurance investigator that defendant was the owner of the tractor; that he contacted defendant who then gave him authority to repair the tractor; that he was paid for the first work by a check from defendant, not from the insurance company; that he had a conversation with Esposito concerning release of the tractor after the additional transmission repairs had been made; that Esposito had told him, "as soon as Hank gets a check, why you'll get your money"; and that he sent bills to C.H.H. and contacted defendant about payment and never was paid.

On cross-examination, Martines testified that he concluded H & D owned the tractor because the insurance investigator told him H & D was the insured; that defendant never said he owned H & D; that he thought Esposito and another person owned C.H.H.; that he had dealt with C.H.H. and defendant once previously on a similar repair of a truck; and that C.H.H.'s name was on the tractor.

Plaintiff called defendant under section 2—1102 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—1102). Defendant testified that he was an employee of H & D and vice-president of H & D from its inception in approximately 1974 to "its conclusion" in approximately 1979, and that he also was a director of this corporation. He testified that H & D owned the 1974 Hendrickson tractor; that it was leased to C.H.H. both at the time the original repairs were made and at the time the additional repairs were made; and that plaintiff had performed both sets of repairs. Defendant stated that he and another person had the authority to conduct the day-to-day business of H & D. Defendant stated that H & D received insurance checks to cover these repairs; that he personally delivered the insurance check for the original repairs to plaintiff and that he forwarded the insurance check for the additional repairs to C.H.H. He testified that sometime subsequent to these repairs H & D sold the Hendrickson tractor.

On examination by Esposito, defendant testified that his mother and another person owned the stock of H & D; that he told Martines H & D owned the repaired tractor; and that the title to the tractor was in H & D. Defendant identified plaintiff's exhibit No. 5 as a certificate of dissolution of H & D Transport Corporation dated December 1, 1976. This certificate was admitted into evidence.

Paul Esposito testified on his own behalf that he did maintenance work for C.H.H. and had no ownership interest in C.H.H.; that he

personally never received any insurance funds from defendant concerning the additional repairs to the Hendrickson tractor; and that he remembered a discussion defendant had with Gene Ross of C.H.H., and defendant giving Ross a check.

Plaintiff submitted into evidence a check for $1,742.85 payable to H & D and Dorothy Riebrandt from Protective Insurance Company. It was endorsed and deposited to an account of C.H.H.

The trial court found, *inter alia*, that plaintiff provided services to H & D and C.H.H., that defendant acted as an agent for H & D, that there was no evidence that plaintiff "was doing business with [defendant] in an individual capacity ***," that defendant did not "hold himself out in an individual capacity as being the principal of H & D Transport Corporation," and that Esposito was only an employee of C.H.H. However, the court entered judgment for plaintiff against H & D, which was not an actual party defendant. Judgment was entered for defendant and Esposito and against plaintiff on the claim against them as sued in their individual capacities.

■ Plaintiff contends that the trial court erred in entering judgment against H & D rather than against defendant. Plaintiff asks this court to vacate the judgment against H & D and, instead, to enter judgment against defendant. It is clear from the record that H & D was no longer a party defendant in this action after the trial court's September 15, 1982, order substituting defendant for the corporation as party defendant. Thus, the judgment against H & D was erroneous and, therefore, is vacated.

Plaintiff does not challenge on appeal the trial court's finding that defendant was not acting in his individual capacity. Rather, plaintiff maintains that defendant is liable because he purported to act for a nonexistent corporation. While plaintiff asserted this argument below, the trial court failed to address this contention when it made its findings and judgment.

Plaintiff contends that defendant is personally liable under section 150 of the Business Corporation Act (Ill. Rev. Stat. 1981, ch. 32, par. 157.150) because he assumed to exercise corporate powers without authority. On December 1, 1976, the Secretary of State dissolved H & D for failure to pay its annual franchise tax.

At the time H & D was dissolved, section 82a of the Business Corporation Act (Ill. Rev. Stat. 1975, ch. 32, par. 157.82a) provided that any corporation, which failed to pay its franchise tax on or before July 31 of the year in which the tax was due, and which after notice, as provided in the statute, had failed to pay this franchise tax on or before the last day of November, would be dissolved by the

Secretary of State. Section 92 of the Business Corporation Act (Ill. Rev. Stat. 1975, ch. 32, par. 157.92) directed the Secretary of State in the case of a dissolution pursuant to section 82a to issue a certificate of dissolution. Upon the issuance of this certificate of dissolution, the corporation ceased to exist. (Ill. Rev. Stat. 1975, ch. 32, par. 157.92.) While section 82a provided for reinstatement of a corporation dissolved under section 82a upon compliance with certain statutory requirements (Ill. Rev. Stat. 1975, ch. 32, par. 157.82a), nothing in the record reflects that H & D was ever reinstated. Thus, at the time the repairs in question were made in May 1977, H & D did not exist.

■ Section 150 of the Business Corporation Act (Ill. Rev. Stat. 1981, ch. 32, par. 157.150) makes "[a]ll persons who assume to exercise corporate powers without authority ***" personally liable for "all debts and liabilities incurred or arising as a result thereof." An officer of a corporation dissolved for nonpayment of franchise taxes, who enters into contracts on behalf of the corporation after dissolution, may be held personally liable under this statute. (*In re Estate of Plepel* (1983), 115 Ill. App. 3d 803, 806, 450 N.E.2d 1244; see also *Kessler Distributing Co. v. Neill* (Iowa App. 1982), 317 N.W.2d 519, 521-22; *Mobil Oil Corp. v. Thoss* (Fla. App. 1980), 385 So. 2d 726, 727.) In *Mobil Oil Corp. v. Thoss* (Fla. App. 1980), 385 So. 2d 726, 727, the court held that liability under the statute was limited to those persons who knew, or because of their position should have known, of the dissolution. In *Kessler Distributing Co. v. Neill* (Iowa App. 1982), 317 N.W.2d 519, 522, the court held that such knowledge was not required for a person to be personally liable. This issue was not discussed in *In re Estate of Plepel* (1983), 115 Ill. App. 3d 803, 450 N.E.2d 1244, and no other Illinois case appears to have addressed this issue. We believe the better rule to be that a person who enters a contract on behalf of an involuntarily dissolved corporation is only personally liable under section 150 of the Business Corporation Act (Ill. Rev. Stat. 1981, ch. 32, par. 157.150) when, at the time he enters the contract, he knows, or because of his position should know, of the dissolution.

■ Plaintiff also contends that defendant is personally liable under "well recognized principles of agency law." Plaintiff relies on *Joesph T. Ryerson & Son v. Shaw* (1917), 277 Ill. 524, 531-32, 115 N.E. 650, for the proposition that "a person who assumes to act as agent for a legally incompetent principal renders himself personally liable to the person with whom he deals unless such person knows of the want of authority." However, *Joseph T. Ryerson & Son v. Shaw* (1917), 277 Ill. 524, 115 N.E. 650, is distinguishable from the case at

bar since it dealt with individuals contracting on behalf of a foreign corporation not registered to do business in Illinois, rather than with an involuntarily dissolved corporation. Moreover, the court there specifically noted that it was acting in the absence of a "statute declaring a liability of officers or agents representing a corporation not permitted to transact business in this State." (277 Ill. 524, 531, 115 N.E. 650.) Here, a statute does impose liability on a person who assumes to exercise corporate powers without authority. We, therefore, believe that *Joseph T. Ryerson & Son v. Shaw* (1917), 277 Ill. 524, 115 N.E. 650, is inapposite and that plaintiff's argument seeking to impose agency liability must fail.

■ Thus, the question whether defendant is liable here must be resolved under section 150 of the Business Corporation Act (Ill. Rev. Stat. 1981, ch. 32, par. 157.150) and depends on whether defendant entered a contract on behalf of H & D and knew, or because of his position should have known, at that time, that H & D had been dissolved. Plaintiff bears the burden of proof on this question. See *Eastman Kodak Co. v. Fair Employment Practices Com.* (1981), 86 Ill. 2d 60, 74, 426 N.E.2d 877.

The record discloses that the trial court did not consider whether defendant was personally liable in acting for H & D, a dissolved corporation. The trial court found only that defendant had acted as an agent for H & D, and had not acted as an individual. In light of our holding that defendant may be liable if he knew or because of his position should have known of H & D's dissolution, we conclude that plaintiff has shown *prima facie* reversible error (*First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493), and, because relevant factual determinations were not addressed on this issue below, we remand this case for a new trial.

For the foregoing reasons, the judgment of the circuit court of Du Page County is reversed and remanded in part, and vacated in part.

Reversed and remanded in part, vacated in part.

VAN DEUSEN and NASH, JJ., concur.