## AFFILIATED CAPITAL CORPORATION, Plaintiff,

v.

## Frederick A. BUCK and Medical and Surgical Health, Inc., a Missouri corporation, Defendants.

### No. 94 C 1497.

United States District Court,
N.D. Illinois,
Eastern Division.

April 27, 1995.

Glen A. Neuman, Glen A. Neuman, P.C., Northbrook, IL, for plaintiff.

Brad Stephen Grayson, Larry R. Chulock, Schwartz & Freeman, Chicago, IL, for defendants.

## *MEMORANDUM OPINION AND ORDER*

BUCKLO, District Judge.

Plaintiff, Affiliated Capital Corporation ("Affiliated"), has filed a motion for summary

judgment to which defendants, Frederick A. Buck ("Mr. Buck") and Medical and Surgical Health, Inc. ("MSHI"), did not respond. For the reasons discussed below, Affiliated's motion is granted.

### Undisputed Facts [1]

Affiliated is an Illinois corporation, and MSHI was a Missouri corporation before being dissolved in April 1992. Mr. Buck was president of MSHI. In April 1993, Affiliated and MSHI entered into an agreement under which Affiliated would lease equipment to MSHI in return for payment. Mr. Buck signed the lease and a personal guarantee of the lease.

Affiliated accepted the lease in Northbrook, Illinois, and all payments due under the lease were to be made in Illinois. The lease states:

> Lessee agrees that all litigations, actions or proceedings ... shall only be filed in courts of record in the State of Illinois or in a Federal Court for the Northern District of Illinois, and Lessee consents to the jurisdiction and venue of any such court. ...

Defendants signed the "Delivery Acceptance & Installation Certificate" which provides that all equipment was delivered, installed and accepted to their complete satisfaction; they will look solely to the seller or manufacturer for the performance of all covenants and warranties; they indemnify and hold Affiliated harmless from any nonperformance of the equipment; Affiliated is neither the manufacturer, distributor nor seller of the leased equipment; and the equipment is not being accepted on a trial basis.

Defendants have defaulted in making payments under the lease. The balance due Affiliated is $67,268.05. Affiliated has incurred $7,104.12 [2] in attorneys' fees, which it

claims defendants also owe. Affiliated has made reasonable efforts to mitigate its damages.

### Discussion

Summary judgment must be granted when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED.R.CIV.P. 56(c). The party opposing summary judgment

> may not rest upon the mere allegations or denials of [its] pleading, but [its] response ... must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

FED.R.CIV.P. 56(e); *Lisek v. Norfolk and Western Railway Company,* 30 F.3d 823, 832 (7th Cir.1994); *see also Waldridge v. American Hoechst Corp.,* 24 F.3d 918, 920 (7th Cir.1994) ("[I]f the nonmovant does not come forward with evidence that would reasonably permit the finder of fact to find in her favor on a material question, then the court *must* enter summary judgment against her." (emphasis supplied) (citations omitted)). In this case, neither MSHI nor Mr. Buck have responded to Affiliated's motion for summary judgment. Consequently, summary judgment for Affiliated, if appropriate, must be entered.

Under the agreement executed by Affiliated and MSHI, Affiliated agreed to lease equipment to MSHI in return for rent payments from MSHI. MSHI subsequently executed a "Delivery Acceptance & Installation Certificate" accepting the equipment from Affiliated. MSHI then defaulted on the lease, and Affiliated is presently due $67,268.05.

---

1. The facts in Affiliated's local rule 12(M) statement in support of its motion for summary judgment are deemed admitted since defendants did not file a local rule 12(N) statement controverting it. N.D.ILL.LOC.R. 12(N); *Schulz v. Serfilco, Ltd.,* 965 F.2d 516, 519 (7th Cir.1992).

2. Affiliated actually submitted estimated attorneys' fees and costs in the amount of $7,554.12.

However, that figure included $600.00 for four hours of "anticipated time" to present the summary judgment motion "etc." I do not think it could have taken four hours to present this motion, and counsel never supplemented his motion with actual time. Accordingly, I am allowing only $150.00 for this expenditure.

Paragraph 6 of the lease and Mr. Buck's personal guarantee provide for the assessment of attorneys' fees in this situation, which as of the date of presentment of this motion equal $7,104.12.[3] Accordingly, Affiliated is due a total of $74,372.17.

Affiliated argues that because Mr. Buck executed the lease with Affiliated in April 1993, one year after MSHI was administratively dissolved, he is personally liable under the lease and is bound by all terms and conditions of the lease, including the submission to jurisdiction by this Court. In neglecting to respond to Affiliated's summary judgment motion, defendants concede this point. *See Myatt v. City of Chicago,* 1991 WL 94036, *9, 1991 U.S.Dist. Lexis 7056, *26 (N.D.Ill. May 21, 1991). Moreover, defendants' previous response to this argument does not assist them.[4]

Defendants claimed that Mr. Buck is not personally liable on the lease, and therefore this Court lacks personal jurisdiction over Mr. Buck, because MSHI is in the process of being reinstated as a Missouri corporation. First, there is no evidence in the record that MSHI has been reinstated. Second, Mr. Buck could not avoid individual liability even if MSHI were reinstated. The "relation-back" doctrine, codified by Section 12.45(d) of the Business Corporation Act, 805 ILCS 5/12.45(d) (1994), permits a reinstated corporation to ratify actions taken on its behalf while it was dissolved. *Chicago Title & Trust Co. v. Brooklyn Bagel Boys, Inc.,* 222 Ill.App.3d 413, 584 N.E.2d 142, 146, 164 Ill. Dec. 930, 934 (1st Dist.1991). This doctrine may curtail in certain situations the general rule that an individual who conducts a business in the name of a nonexistent corporation is personally liable on contracts made in connection with the business. *See H.F. Philipsborn & Co. v. Suson,* 59 Ill.2d 465, 322 N.E.2d 45, 48 (1975); 805 ILCS 5/3.20 (1994). Whether an individual incurs personal liability for an obligation undertaken for a dissolved corporation depends upon the knowledge of the parties. *Id.* An individual incurs personal liability only if at the time he entered into the contract on behalf of the dissolved corporation, he knew or because of his position should have known that the corporation had been dissolved. *Steve's Equipment Service, Inc. v. Riebrandt,* 121 Ill. App.3d 66, 459 N.E.2d 21, 24, 76 Ill.Dec. 612, 615 (1st Dist.1984). As president of MSHI, Mr. Buck presumably knew or at a minimum should have known that MSHI had been dissolved. He is therefore individually bound by the lease, including the provision consenting to this Court's jurisdiction,[5] and is personally liable for the amount due Affiliated.

Accordingly, summary judgment for Affiliated is appropriate, and judgment is entered for Affiliated and against MSHI and Mr. Buck in the amount of $74,372.17.

### Conclusion

For the reasons set forth above, Affiliated's motion for summary judgment is granted.

---

**3.** The personal guarantee actually provides for attorneys' fees equal to fifteen percent of lessee's unpaid obligations. However, this provision is not at issue because the amount of attorneys' fees that Affiliated requests is less than fifteen percent of the balance due from MSHI.

**4.** Defendants set forth this response in their Memorandum in Opposition to Plaintiff's Amended Motion to Strike and Dismiss Defendants' Fourth, Fifth and Seventh Affirmative Defenses.

**5.** This provision is clearly enforceable; neither MSHI nor Mr. Buck has alleged that it was unreasonable or did not result from arm's length bargaining. *Heller Financial, Inc. v. Shop-A-Lot, Inc.,* 680 F.Supp. 292, 294 (N.D.Ill.1988).