380 So.2d 444 (1979)
Zeph FUTCH, Appellant,
v.
SOUTHERN STORES, INC., Appellee.
No. LL-487.
District Court of Appeal of Florida, First District.
May 15, 1979.
Rehearing Denied March 10, 1980.
*445 John S. Miller, Jr., of Roberts, Miller, Baggett, LaFace, Richard & Wiser, Tallahassee, for appellant.
John B. MacDonald of Smith, Hulsey, Schwalbe & Nichols, Jacksonville, for appellee.
PER CURIAM.
The issue on this appeal is whether appellant, an inactive director and officer of a corporation, can be held individually liable for contracts made on behalf of the corporation by another officer while it was involuntarily dissolved. We hold that she cannot be held liable on the record presented and reverse the trial court's summary judgment against her.
The record reveals that appellant and her son, Frank Futch, began a petroleum distribution business under a fictitious name in September, 1968, and subsequently incorporated the business with another person in September, 1969. Appellant was the secretary and treasurer, a director, and a 50% shareholder in the corporation from its inception, but had no participation in the business whatsoever. In October, 1974, the corporation was involuntarily dissolved by proclamation of the Governor for failure to file an annual report or an annual filing fee. The dissolution was unknown to both appellant and her son. The son continued running the business as if it were incorporated and from November, 1976 to January, 1977 made numerous supply contracts with appellee in the corporate name. Several payments were made on those contracts but there remained an outstanding balance of over $60,000 at the time suit was brought.
Although the corporation was subsequently reinstated in August, 1977, appellee filed its complaint against Frank Futch and appellant, doing business as Fuco Oil and Chemical Co., Inc., jointly and severally. It claimed that because the corporation was dissolved at the time of the transactions involved, the Futchs were individually liable for contracts made by them on behalf of the corporation.
The basis of this argument was Section 607.397, Florida Statutes (1977), which provides:
"All persons who assume to act as a corporation without authority to do so shall be jointly and severally liable for all debts and liabilities incurred or arising as a result thereof."
Appellee contended below and on appeal that appellant is liable as a matter of law under this statute because the contracts were transacted while she "assumed to act" as an officer and director of the corporation. In addition appellee argues that Section 607.271(5) of the new Florida General Corporation Act specifically provides that although an involuntarily dissolved corporation may be reinstated,
"[t]he reinstatement shall have no effect up on any personal liability of the directors, officers, or agents of the corporation on account of actions taken during the period between dissolution and reinstatement... ."
There is a dearth of authority on the point. It is well established, however, *446 that the corporate veil will not be pierced unless it is shown that the corporation was organized or employed to mislead creditors or to work a fraud upon them. Delta Air-Lines, Inc. v. Wilson, 210 So.2d 761 (Fla. 3d DCA 1968); Riley v. Fatt, 42 So.2d 769 (Fla. 1950). There is no showing of fraud in the record here. Furthermore, the case is analogous to Russell v. Gans, 275 So.2d 270 (Fla. 2d DCA 1973) in which the court held that where the plaintiffs attempting to collect a debt there considered at all times that they were dealing with a corporate entity, they could not question the corporate existence in the absence of pleadings and proof that the corporation was organized for an illegal purpose or to work a fraud upon them. Similarly here we believe the correct rule is that in the absence of any action inducing reliance on the individual assets of a person acting on behalf of a corporation, the plaintiff's action should be limited to one against the corporation. There is nothing in the record showing that appellant induced any reliance on appellee's part, or indeed that she participated in the transaction in any manner.
Accordingly, the summary judgment against appellant is reversed and the cause is remanded for proceedings consistent with this opinion.
MELVIN, Acting C.J., and BOOTH and LARRY G. SMITH, JJ., concur.