**PANAX OF FLORIDA, INC., a Florida Corporation, t/a Sun Reporter & Panax Printing, Plaintiff,**

v.

**PUBLISHERS SERVICE CORPORATION, a Texas Corporation, Defendant.**

**PUBLISHERS SERVICE CORPORATION, a Texas Corporation, Plaintiff,**

v.

**PANAX OF FLORIDA, INC., a Florida Corporation, et al., Defendants.**

Nos. 78–2156–Civ–JLK, 78–2159–Civ–JLK.

United States District Court,
S. D. Florida.

June 27, 1979.

---

Friedman & Britton, Miami, Fla., for Panax.

Barry N. Greenberg, Miami, Fla., for Publishers Service.

## ORDER ON MOTIONS

JAMES LAWRENCE KING, District Judge.

This matter arose upon the following motions of Publishers Service Corporation:

1. May 11, 1979, motion to expedite production of documents;

2. May 15, 1979, motion to expedite discovery;

3. May 17, 1979, motion to take depositions of additional defendants;

4. May 30, 1979, motion to compel production of documents and for sanctions; and the

5. May 31, 1979, motion to compel answers to interrogatories;

and upon the following motions of John P. McGoff, Frank H. Sheperd, Donald H. Layman, Richard A. Jones, John Marxer, Harry Buckel and Panax Corporation (hereinafter collectively referred to as the "new defendants"):

6. May 17, 1979, motion for summary judgment directed to count VI of Amended Complaint and Jury Demand; and the

7. May 24, 1979, motion to strike claim for punitive damages in count VI of Amended Complaint;

and upon the following motion of the new defendants and Panax of Florida, Inc.:

8. May 29, 1979, motion to strike resume of testimony of Russell Greene and to exclude said testimony.

After carefully reviewing the record, the court notes that the new defendants' motion for summary judgment is directed against count VI of the Amended Complaint, through which Plaintiff seeks to hold the new defendants liable for the tort allegations (counts I, II, IV) and breach of contract allegations (counts III and V) directed against the defendant Panax of Florida, Inc. The court also notes that the new defendants include various officers and directors of Panax of Florida, Inc., as well as its 100% shareholder (Panax Corp., a Delaware corporation). Moreover, the new defendants have, in effect, combined their motion for summary judgment with a motion to dismiss count VI for legal insufficiency. *See* p. 2 of the May 17, 1979 memorandum of law in support of motion for summary judgment.

It is alleged in count VI of the Amended Complaint that on December 1, 1977, Panax of Florida, Inc., was involuntarily dissolved for failure to file its 1977 annual report as required by law. The corporation was reinstated on April 28, 1978. During the period of dissolution, the new defendants remained with the corporation in their various capacities as officers, directors and shareholder while the corporation continued to conduct its business, and allegedly committed the complained of tortious acts and breaches of contract.

■ Under the Florida General Corporation Act, "[a]ll persons who assume to act as a corporation without authority to do so shall be jointly and severally liable for all debts and liabilities incurred or arising as a result thereof." *F.S.A.* Sec. 607.397. The Act also provides, however, that upon a corporation's reinstatement after involuntary dissolution, "the corporate existence shall be deemed to have continued without interruption from the date of dissolution." *F.S.A.* Sec. 607.271(5). The Act further states that such "reinstatement shall have no effect upon any personal liability of the *directors, officers,* or *agents* of the corporation on account of actions taken during the period between dissolution and reinstatement." *Id.* (emph. supplied). While this last clause of Sec. 607.271(5) may have the effect of holding a corporation's directors, officers or agents liable for corporate acts taken during the dissolution period, notwithstanding the otherwise retroactive reinstatement, this statute clearly does not include *shareholders* as a group whose personal liability is to be unaffected by reinstatement. Any liability therefore imposed on a shareholder qua shareholder, by reason of involuntary dissolution, should be abrogated by the reinstatement whose effect is to restore the corporate existence from the moment of dissolution.

■ Since upon reinstatement, the corporation is deemed never to have been dissolved; and since shareholders are *not* included as a group, listed in Sec. 607.271(5), whose personal liability is to be unaffected by reinstatement; then it follows that upon corporate reinstatement, the shareholder's liability qua shareholder should be fully abrogated.

■ The Amended Complaint therefore fails to state a claim for relief against Panax Corp. who is alleged to be the 100% shareholder of Panax of Florida, Inc., and

who allegedly operated and supervised the affairs of Panax during the dissolution period. *See* Amended Complaint, paras. 9, 46, 47. It is not alleged that Panax Corp. was an officer, director, or agent of Panax of Florida, Inc. Therefore, under the principles of law discussed above, Panax Corp.'s liability as a shareholder was nullified upon the reinstatement of Panax of Florida, Inc.

As to the remaining new defendants, all of whom are officers and/or directors, the court will deal separately with the tort (counts I, II and IV) and contract (counts III and V) claims.

*In Futch v. Southern Stores* (No. LL–487, 1st D.C.A. Fla.1979), the District Court of Appeal construed the effect of the crucial last sentence of *F.S.A.* Sec. 607.271(5) on a director or officer's alleged contract liability incurred while the subsequently reinstated corporation was dissolved. The court held that an officer and director will not be individually liable for the contracts made on behalf of an involuntarily dissolved corporation which is later reinstated, provided that there is an "absence of any action inducing reliance on the individual assets of a person acting on behalf of a corporation." *Futch v. Southern Stores, supra.*

■ Since it is not alleged in the Amended Complaint that Publishers Service Corp. contracted with Panax of Florida, Inc., as a result of induced reliance on the personal assets of any of the remaining new defendants, the Amended Complaint fails to state a claim for relief as to the contract claims asserted against these defendants.

■ No Florida court has construed the impact of *F.S.A.* Sec. 607.271(5) on an officer or director's tort liability incurred during involuntary dissolution followed by corporate reinstatement. This court notes, however, that the statute unmistakably declares that any personal liability incurred by directors or officers during dissolution will remain unaffected by subsequent reinstatement. Moreover, any considerations of reliance or of the parties' expectations, which may be relevant to the enforcement of a contract claim, are not relevant in a determination of tort liability. Publishers Service Corp. has alleged that the remaining new defendants operated Panax of Florida during the dissolution period in which the complained of tortious acts were committed by Panax of Florida. *Amended Complaint*, para. 46. Thus, it appears that those new defendants fall within the scope of *F.S.A.* Sec. 607.397 which provides that:

"All persons who assume to act as a corporation without authority to do so shall be jointly and severally liable for all debts and liabilities incurred or arising as a result thereof."

■ The Amended Complaint therefore states a cause of action against the officer and director defendants. *See Moore v. Occupational Safety & Health Review Comm'n*, 591 F.2d 991 (4th Cir. 1979) (construing a Virginia statute, similar to *F.S.A.* Sec. 607.271(5), in the context of individual liability for OSHA violations). In their motion for summary judgment, these new defendants have failed to controvert by competent evidence the allegations that they were operating Panax of Florida during dissolution. They have therefore failed to meet their burden of showing that they are entitled to relief as a matter of law. The motion for summary judgment, as to the tort claims must thus be denied. The court does therefore

ORDER and ADJUDGE that, as to the defendant Panax Corp., the Amended Complaint is dismissed for the failure to state a claim upon which relief can be granted. The court does further

ORDER and ADJUDGE that, as to the defendants John P. McGoff, Frank H. Sheperd, Donald H. Layman, Harry Buckel, Richard A. Jones and John Marxer, (hereinafter referred to as the "remaining new defendants"), counts III and V of the Amended Complaint are dismissed for the failure to state a claim upon which relief can be granted. The court does further

ORDER and ADJUDGE that the motion of the remaining new defendants for summary judgment as to counts I, II, IV and VI of the Amended Complaint is denied. The court does further

ORDER and ADJUDGE that Publishers Service Corp.'s May 11 and May 15, 1979 motions to expedite production of documents and discovery are hereby found to be moot. The court does further

ORDER and ADJUDGE that Publishers Service Corp.'s May 17, 1979 motion to take depositions of additional defendants is granted only as to the remaining new defendants. The court does further

ORDER and ADJUDGE that the May 30, 1979 motion of Publishers Service Corp. to compel production of documents is granted, and that no sanctions shall be imposed. Panax of Florida, Inc., shall produce the requested documents within fourteen (14) days of the date of this Order. The court does further

ORDER and ADJUDGE that the May 31, 1979 motion of Publishers Service Corp. to compel answers to Interrogatories is granted as to the remaining new defendants who shall, within fourteen (14) days of the date of this Order, answer the Interrogatory inquiring as to the net worths of the remaining new defendants. The court does further

ORDER and ADJUDGE that the May 24, 1979 motion of the remaining new defendants to strike the prayer for punitive damages is denied. The court does further

ORDER and ADJUDGE that the May 29, 1979 motion of the remaining new defendants and Panax of Florida, Inc. to strike the resume of testimony of Russell Greene and to exclude said testimony is hereby denied.

DONE and ORDERED in chambers at Miami, Florida this 26th day of June, 1979.