385 So.2d 726 (1980)
MOBIL OIL CORPORATION, Appellant,
v.
W.A. THOSS, etc., et al., Appellees.
No. 79-306/T4-397.
District Court of Appeal of Florida, Fifth District.
July 2, 1980.
John D. Mahaffey, Jr., P.A., Ofelia E. Galindo, Orlando, and Irving Nathanson, Cocoa, for appellant.
Patrick A. Raley, and Jed Berman of Felder & Berman, Winter Park, for appellees.
PER CURIAM.
The issue raised by this appeal is whether W.A. Thoss, as president of a dissolved and subsequently reinstated corporation, can be held personally liable for the actions of the ongoing business during the interval between dissolution and reinstatement.
W.A. Thoss, Inc., was incorporated in the State of Florida in mid-1971 and was involuntarily dissolved by the Secretary of State in mid-1973 for nonpayment of taxes. It was reinstated on December 1, 1977.
W.A. Thoss has been the president of W.A. Thoss, Inc. from its incorporation to the present. During the time W.A. Thoss, Inc. was dissolved, W.A. Thoss continued to operate the business as though it still existed. Between February 1, 1977 and March 22, 1977, W.A. Thoss purchased $63,000.00 of fuel oil from Mobil Oil Corporation in the name of W.A. Thoss, Inc. The fuel oil was not paid for and Mobil Oil filed suit to collect payment. That action is what prompted the reinstatement of W.A. Thoss, Inc.
In 1975, Florida updated and consolidated its corporate law by enacting Florida's General Corporation Act. Part of that act provides that all persons who assume to act as a corporation without authority to do *727 so shall be jointly and severally liable for all debts and liabilities incurred or arising as a result thereof. § 607.397, Fla. Stat. (1979). Another part of that act provides that the reinstatement of an involuntarily dissolved corporation shall have no effect upon any personal liability of the directors, officers, or agents of the corporation on account of actions taken during the period between dissolution and reinstatement. § 607.271(5), Fla. Stat. (1979). We think that the intent of these statutes is to impose personal liability upon those directors, officers, or agents who have control of the operation of the business and management over the actions in question. However, we do not think the Legislature intended to impose liability on every director or agent of a dissolved corporation who does not act or who has no knowledge of the dissolution. We find it significant that section 607.397 is worded, "[a]ll persons who assume to act... ." (Emphasis added.) It does not impose liability on all persons who act, only those who assume to act. We conclude that the use of this language reflects an intent to limit the statute's application to those persons who knew or, because of their position, should have known of the dissolution.
We are aware that one of our sister courts has held that directors, officers, and agents of a dissolved corporation are not personally liable in the absence of a showing that the creditor relied upon the individual assets of the persons acting as a corporation. Futch v. Southern Stores, Inc., 380 So.2d 444 (Fla. 1st DCA 1979).[1] We disagree with this interpretation because we find no support for it in the language of the statute.[2] However, the same result would have been achieved under our interpretation because in Futch the person whose personal liability was asserted was an inactive officer and director and the contract in question was entered into by another officer.
That portion of the final judgment denying recovery against W.A. Thoss, individually, is REVERSED.
ORFINGER, COBB and FRANK D. UPCHURCH, Jr., JJ., concur.
NOTES
[1] Although rehearing was then pending, Futch was followed in Panax of Florida, Inc. v. Publishers Service Corp., 472 F. Supp. 444 (S.D.Fla. 1979).
[2] We have also considered Spector v. Hart, 139 So.2d 923 (Fla. 2d DCA 1962), but note that it was rendered prior to the 1975 statutory changes in Florida's corporate law, and therefore did not construe those provisions we find determinative of this case.