PER CURIAM.
Appellant, Commercial International Business Brokers Corp., appeals a final summary judgment in favor of appellee, Samuel Heller.
This case arose out of a listing contract wherein a corporation, Thursday Night, Inc., gave appellant a listing to sell a business and beverage license known as Michael’s Restaurant for $675,000, “subject to approval of U.S. Bankruptcy Court.” The contract was signed “Thursday Night, Inc., by Samuel Heller, Attorney and Agent.” It appears that Heller was a bankruptcy lawyer representing the corporation in bankruptcy. Elaine Sherban, president of the appellant corporation, presented the contract to Heller, who was neither an officer nor a director of Thursday Night, Inc., and who had no authority to obligate the corporation. When Heller suggested he would send the contract to Michael Crocco, the president of Thursday Night, Inc., in New York, Sherban said no, she wanted it signed “now.” Consequently Heller called Crocco in New York and was directed by Crocco to sign the contract as agent for Thursday Night, Inc. At that time, unbeknown to Heller, Thursday Night, Inc., had been dissolved for failure to timely file the annual corporate report required by law.
Appellant sued Heller, Crocco and several others, seeking damages on the grounds of breach of contract, conspiracy, fraud and deceit. Both Heller and Crocco moved for summary judgment; Heller’s was granted, and Crocco’s was denied.
The appellate issue presented is whether a contract signed in the name of a corporation by an attorney and agent at a time when the corporation has been dissolved for nonpayment of capital stock tax renders the person signing as attorney and *134 agent personally liable even though the corporation was subsequently reinstated.
Appellant relies upon sections 607.397 and 607.271(5), Florida Statutes (1983), as authority for rendering Heller liable under the circumstances of this case. We hold that reliance to be improvident. Section 607.397 provides:
All persons who assume to act as a corporation without authority to do so shall be jointly and severally liable for all debts and liabilities incurred or arising as a result thereof.
However, the record reflects that Heller did not assume to act as a corporation without authority to do so. He was unaware of the dissolution of the corporation and he was directed by the president of the corporation to execute the document for the corporation. There was no reliance by appellant upon Heller’s personal responsibility as appellant knew Heller was acting as agent for the corporation. The corporation itself purported to be the acting party. Thus, appellant’s reliance upon Mobil Oil Corp. v. Thoss, 385 So.2d 726 (Fla. 5th DCA 1980), affords appellant no support.
Finally, in passing and without necessarily adopting that view, we note that the First District Court of Appeal in Futch v. Southern Stores, Inc., 380 So.2d 444 (Fla. 1st DCA 1980), appears to have imposed the requirement of fraud in situations involving sections 607.397 and 607.271(5). That court held:
[W]e believe the correct rule is that in the absence of any action inducing reliance on the individual assets of a person acting on behalf of a corporation, the plaintiff’s action should be limited to one against the corporation.
380 So.2d at 446.
Suffice to say in this case neither Heller nor appellant ever intended the contract in question to be attributable to anyone but Thursday Night, Inc. Thus, there was no basis in the record to support the legal theories pleaded in the complaint.
AFFIRMED.
ANSTEAD, C.J., and DOWNEY and LETTS, JJ., concur.