513 So.2d 1359 (1987)
Douglas W. ANDERSON D/B/a Mr. Air of Tampa, Inc., Appellant,
v.
HILLSBOROUGH SHEET METAL, Inc., Appellee.
No. 86-3110.
District Court of Appeal of Florida, Second District.
October 21, 1987.
David A. Townsend and Anita C. Brannon of Townsend & Arnold, Tampa, for appellant.
No brief for appellee.
SCHEB, Acting Chief Judge.
Appellant, Douglas W. Anderson, challenges the granting of summary judgment to appellee Hillsborough Sheet Metal, Inc., in an action seeking a money judgment. We affirm.
Anderson is president of Mr. Air of Tampa, Inc. (Mr. Air), a Florida Corporation, which was involuntarily dissolved in December 1982 for failure to file an annual report. Nevertheless, Anderson continued to operate the business and between February and April 1984, he bought materials from the appellee using the name of Mr. Air. The materials were not paid for, and appellee sued Anderson for payment of $6,026.04, the amount owed on the account. The trial court granted appellee's motion for summary judgment against Anderson personally. The court based its decision on the fact that Mr. Air was involuntarily dissolved when the debts were incurred and that the Florida legislature intended, by adopting sections 607.271(5) and 607.397, Florida Statutes (1985), to impose personal liability upon directors, officers, or agents of the corporation for events occurring between dissolution and reinstatement.
Anderson argues that he is not personally liable for the debts incurred by Mr. Air during its period of involuntary dissolution. He contends that absent a showing of fraud or reliance upon the credit of an individual, a corporate officer is not liable for the corporate debts. In support of his argument Anderson cites Spector v. Hart, 139 So.2d 923 (Fla. 2d DCA 1962), and Russell v. Gans, 275 So.2d 270 (Fla. 3d DCA 1973). Both cases, however, were decided prior to the enactment of Florida's General Corporation Act in 1975. The act provides that "All persons who assume to act as a corporation without authority to do so shall be jointly and severally liable for all debts and liabilities incurred or arising as a result thereof." § 607.397, Fla. Stat. (1985). The act also provides that the reinstatement of an involuntarily dissolved corporation shall have no effect on any personal liability of the directors, officers, or agents of the corporation for actions taken during the period between dissolution and reinstatement. § 607.271(5), Fla. Stat. (1985).
We agree with the reasoning of the fifth district in Mobil Oil Corp. v. Thoss, 385 So.2d 726 (Fla. 5th DCA 1980). In Mobil Oil the court, dealing with a fact situation identical to the one here, held that the intent of sections 607.397 and 607.271(5) is to impose personal liability upon those directors, *1360 officers, or agents who have control of the business and knew, or should have known, of the dissolution. Anderson filed two affidavits in opposition to appellee's motion for summary judgment; neither asserted that he did not know that the corporation had been dissolved. Moreover, there is no dispute that Anderson was at all times the president and an active officer and director of Mr. Air. Therefore, there was no genuine issue of any material fact, and appellee was entitled to the judgment as a matter of law. Fla.R.Civ.P. 1.510(c).
Anderson's reliance on Futch v. Southern Stores, Inc., 380 So.2d 444 (Fla. 1st DCA 1979), is also misplaced. In Futch the plaintiff sought to assert the personal liability of an inactive officer of the corporation, and the contract in question had been entered by another officer. Here, as in Mobil Oil, the person being held liable entered into the contract with the plaintiff, and was an active officer of the corporation.
Affirmed.
CAMPBELL and THREADGILL, JJ., concur.