518 So.2d 377 (1987)
HARRY RICH CORP., a Florida Corporation, Appellant,
v.
Ira FEINBERG, Individually, and Young Sophisticates Warehouse, Inc., Young Sophisticates Flagler, Inc., Young Sophisticates Miami Springs, Inc., Young Sophisticates Calclub, Inc., Florida Corporations, Jointly and Severally, Appellees.
No. 86-3028.
District Court of Appeal of Florida, Third District.
December 29, 1987.
*378 Bernstein, Hodsdon, Tannen & Korn and Robert E. Korn, Miami, for appellant.
Gilbride, Heller & Brown and Dyanne E. Feinberg, Miami, for appellees.
Before SCHWARTZ, C.J., and DANIEL S. PEARSON and JORGENSON, JJ.
DANIEL S. PEARSON, Judge.
This appeal arises out of a creditor's attempt to hold an individual liable on a contract he signed on behalf of a corporation which did not at that time exist. After a non-jury trial, the trial court entered judgment for the individual, Ira Feinberg, predicated on two factual findings: that Feinberg did not actually or constructively know that the business on whose behalf he had contracted was not incorporated and that the plaintiff, Harry Rich Corporation (Harry Rich), did not rely on Feinberg's individual assets or credit in making the contract. The trial court therefore concluded that Section 607.397, Florida Statutes (1983),[1] under which the plaintiff sought to recover from Feinberg, was inapplicable. The trial court's findings are supported by substantial competent evidence and we agree with its legal conclusion.

I.
Sometime between August and November 1984, Feinberg became president of a business called Young Sophisticates Warehouse (Warehouse) upon the resignation of Jack Lavin. Feinberg, who had been an officer of Warehouse, was told in August that Warehouse had been formed by Lavin's son, an attorney. On November 15, 1984, Feinberg, as president of Warehouse, signed a contract with Harry Rich to purchase carpeting for Warehouse. Later that same month, when Feinberg went to his attorney to amend the corporate documents to reflect the change in officers and resident agent, he learned that Warehouse had never been incorporated. By December 5, 1984, Warehouse was incorporated at Feinberg's instructions.
After a dispute over the carpeting contract arose, Harry Rich sued Warehouse and some related corporations which allegedly had been unjustly enriched by the contract. When Harry Rich learned through pre-trial discovery that Warehouse had not been incorporated on the date that the contract was signed, Harry Rich amended its complaint to add Feinberg as a defendant.
After a non-jury trial, the court found the corporations liable and exonerated Feinberg. It explained:
"[T]he Plaintiff never had reason to believe that Mr. Feinberg was acting in the personal capacity and [it] certainly didn't rely upon Mr. Feinberg individually in extending the credit and in entering into the contract.
... .
"[Feinberg] was acting in good faith in the sense that he believed he was [representing] a corporation at the time he signed the contract and in fact the moment he found out it wasn't [incorporated], he directed his attorney to incorporate, which was done two weeks later... ."
Harry Rich appeals.

II.
Harry Rich does not contest the trial court's finding that it did not rely upon Feinberg individually in extending the credit and in entering into the contract. Instead Harry Rich contends, first, that Feinberg's asserted lack of knowledge of the unincorporated status of Warehouse  or his good faith belief that Warehouse was incorporated  is entirely irrelevant, that is, an individual who signs a contract on behalf *379 of a corporation not then in existence is ipso facto liable on the contract; second, that if, arguendo, Feinberg's lack of knowledge is relevant, the trial court's factual finding on this issue is not supported by competent evidence; and, third, that Harry Rich was entitled to an award of attorney's fees against the related corporations which, although not parties to the contract, were found to have benefited from it. Finding the second and third points to be without merit, we now turn our attention to the first.

III.

A.
The long-standing rule that an association, until it comes into existence as a corporation, cannot be bound by acts done or promises made in its behalf and cannot therefore be subject to the entry of a judgment against it, 8 W. Fletcher, Cyclopedia of the Law of Private Corporations § 4059 (rev. perm. ed. 1982), would produce harsh results if applied without resort to equitable doctrines. One such doctrine is "corporation by estoppel,"[2] under which private litigants are estopped to assert the nonexistence of the corporation if they have by their conduct or words affirmed or relied on its existence. Id. at § 3889. See Cranson v. I.B.M., 234 Md. 477, 200 A.2d 33 (1964) (officer signing contract for business, erroneously believing it to be incorporated, held not individually liable; creditor estopped from asserting that debtor not a corporation where creditor dealt with debtor as if it were a corporation and relied on corporation's credit rather than the individual's). This doctrine has been codified in Section 607.401, Florida Statutes, which provides:
"Estoppel.  No body of persons acting as a corporation shall be permitted to set up the lack of legal organization as a defense to an action against them as a corporation, nor shall any person sued on a contract made with the corporation or sued for an injury to its property or a wrong done to its interests be permitted to set up the lack of such legal organization in his defense."
In other words, the corporation may sue and be sued as if it existed if the parties to the contract behaved as if it existed. This allowed Harry Rich to successfully sue the defendant corporation, since Harry Rich believed it dealt with a corporation. The question remains, however, under what circumstances should the law provide a creditor with the additional remedy of a suit against the individual who acted for the corporation? Stated otherwise, should Section 607.397, Florida Statutes (1983)  which provides that "[a]ll persons who assume to act as a corporation without authority to do so shall be jointly and severally liable for all debts and liabilities incurred or arising as a result thereof"  be read to impose unconditional liability upon the individual where the corporation for which the individual acted is estopped to deny its existence.

*380 B.
In Futch v. Southern Stores, Inc., 380 So.2d 444 (Fla. 1st DCA 1979), the First District held that Futch, a non-active director, officer, and fifty-per-cent shareholder of Fuco Oil and Chemical Co., Inc., was not liable for contracts entered into by another officer on behalf of the corporation when, unknown to Futch, the corporation was temporarily dissolved by the state for failure to file required annual reports and filing fees.[3] Rejecting the plaintiff's argument that Futch was liable under Section 607.397 as a matter of law because the contracts were transacted while she "assumed to act" as a corporation, the court announced:
"[W]e believe the correct rule is that in the absence of any action inducing reliance on the individual assets of a person acting on behalf of a corporation, the plaintiff's action should be limited to one against the corporation. There is nothing in the record showing that appellant induced any reliance on appellee's part, or indeed that she participated in the transaction in any manner." Id. at 446.
This court, "[w]ithout disagreeing with Futch," found it to be distinguishable where the complaint against the active corporate officer was based on fraud. Nessim v. DeLoache, 384 So.2d 1341, 1343 (Fla. 3d DCA 1980).
In Mobil Oil Corp. v. Thoss, 385 So.2d 726, 727 (Fla. 5th DCA 1980), the court, correctly observing that in Futch the contract in question was entered into not by Futch, but by another officer, nonetheless described the holding of Futch as being "that directors, officers, and agents of a dissolved corporation are not personally liable in the absence of a showing that the creditor relied upon the individual assets of the person acting as a corporation." The court proceeded then to expressly disagree with Futch and to hold that the liability of an individual under Section 607.397 is not restricted, as it believed Futch proclaimed, to situations where the creditor relied on the individual assets of the person acting on behalf of a corporation.
We do not read Futch, as we believe the court in Mobil Oil did, to stand for the proposition that a creditor to recover from an individual must prove that it relied on the individual's assets. Instead, because Futch, unlike Feinberg, never acted at all, much less assumed to act as a corporation, see Anderson v. Hillsborough Sheet Metal Inc., 513 So.2d 1359 (Fla. 2d DCA 1987), we read Futch to stand for the proposition that a creditor to recover from an individual who has not acted on behalf of the corporation must prove that it relied on the individual's assets. Since Feinberg clearly acted on behalf of the corporation, he can take no comfort in Futch.
He can, however, take comfort in the holding of Mobil Oil. There, interpreting Section 607.397, the court held that a creditor to recover from an individual who has acted on behalf of the corporation must prove that the individual knew or should have known of the nonexistence of the corporation when he acted on the corporation's behalf. This construction, said the court, gives content to the word "assume" in the phrase "assume to act":
"[W]e do not think the Legislature intended to impose liability on every director or agent of a dissolved corporation who does not act or who has no knowledge of the dissolution. We find it significant that Section 607.397 is worded, `[a]ll persons who assume to act... .' (Emphasis added). It does not impose liability on all persons who act, only those who assume to act. We conclude that the use of this language reflects an intent to limit the statute's application to those persons who knew or, because of their position, should have known." Id. at 727.[4]
We agree with the Fifth District's reading of Section 607.397. Its reading is *381 supported not only by the language of the statute, but by equitable considerations as well. Fairness dictates that a creditor dealing with what it believes to be a corporation should be able to recover from that entity. The doctrine of corporation by estoppel, found in Section 607.401, Florida Statutes, provides the creditor with that opportunity. To provide this same creditor with the unconditional right to recover from the individual  when the creditor at no time believed it was dealing with or could look to the individual  is to give to the creditor the unjustified right to recover from two defendants. We observe that in those jurisdictions which, like Florida, have enacted statutes modeled on the Model Business Corporation Act, but which, unlike Florida, have not provided for corporation by estoppel, the determination that the individual will be unconditionally liable provides no windfall to the creditor, since he is concomitantly deprived of the right to sue any but a fully qualified and certified corporation. See Robertson v. Levy, 197 A.2d 443 (D.C. 1964) (construing Business Corporation Act of District of Columbia to have eliminated estoppel and de facto corporation, thus rendering individual acting on behalf of putative corporation unconditionally liable).[5] In contrast, in states such as Florida, where corporation by estoppel (which allows recovery from the corporation) is retained alongside a statute imposing liability on an individual who assumes to act as a corporation, recovery from the individual should be permitted only where the individual acts with actual or constructive knowledge that no corporation exists.[6] This slight windfall to the creditor can be justified on the ground that the individual has not been completely forthcoming to the creditor and should suffer the consequences.

C.
The appellant suggests that regardless of Mobil Oil's construction of Section 607.397, this court in Ratner v. Central National Bank, 414 So.2d 210 (Fla. 3d DCA 1982), adopted a rule that an individual who acts on behalf of a nonexistent corporation is unconditionally liable. We disagree that Ratner adopted such a rule.
Ratner must be understood as being a case about a promoter. As is well known, a promoter is "one who undertakes to bring about the incorporation and organization of a corporation, procure for the corporation the rights and capital by which it is to carry out the purposes set forth in its charter, and establishes it as able to do business." 8 Fla.Jur.2d Business Relationships § 23, at 146 (1978); 18 C.J.S. Corporations § 119 (1939). By definition, a promoter is a person who knows that the business on whose behalf he acts is not incorporated since its incorporation is the *382 very thing he seeks to bring about. If the person dealing with the promoter also knows that the business represented by the promoter is not yet incorporated, as appears to be the case in Ratner, then the contract is a preincorporation contract governed by the long-standing common law rule, set forth in Ratner, "that the promoter of a corporation is liable on his contract although the contract was made on behalf of the corporation to be formed, unless the other party agrees to look to another fund for payment." 414 So.2d at 212. Section 607.397 is for this very reason inapplicable to a promoter case; a person cannot "assume to act as a corporation" when both parties are fully aware that there is no corporation. See Sherwood & Roberts-Oregon, Inc. v. Alexander, 269 Or. 389, 525 P.2d 135, 138 (1974). If, in contrast, the person dealing with the promoter is unaware that there is no corporation, then Section 607.397 could apply; the promoter, knowing there is no corporation, can then be said to have "assume[d] to act as a corporation."[7]

IV.
Having concluded that the construction of Section 607.397 is a matter of first impression in this district, and being persuaded by the decision of our sister court in Mobil Oil that our Legislature did not intend to impose liability on persons who act as a corporation without knowing that no corporation exists, we affirm the judgment for Feinberg. Because, as the trial court found, this is not a case where the individual knew or should have known of the nonexistence of the corporation when he acted, Mobil Oil controls and Feinberg prevails.
Affirmed.
NOTES
[1] Section 607.397 provides: "All persons who assume to act as a corporation without authority to do so shall be jointly and severally liable for all debts and liabilities incurred or arising as a result thereof."
[2] Another is the doctrine of "de facto corporation," which is applicable where an attempt to incorporate is defective and the abortive entity is nonetheless considered a corporation for most purposes. See generally Robertson v. Levy, 197 A.2d 443, 445 (D.C. 1964). It has been suggested that the Model Business Corporation Act (adopted substantially by Florida in Chapter 607), having established a bright line for the beginning of corporate existence, see § 607.167, Florida Statutes, eliminated the concept of de facto corporation. Clear support for this view can be found in the comments to section 146 of the 1969 version of the Model Business Corporation Act ("This section is designed to prohibit the application of any theory of de facto incorporation."). See also 8 W. Fletcher, supra, § 4069. Indeed, some courts have agreed. E.g., Bowers Building Co. v. Altura Glass Co., 694 P.2d 876 (Colo.Ct.App. 1984); Robertson v. Levy, 197 A.2d 443 (D.C. 1964); Cahoon v. Ward, 231 Ga. 872, 204 S.E.2d 622 (1974); Timberline Equipment Co. v. Davenport, 267 Or. 64, 514 P.2d 1109 (1973). However, the 1984 version of the Model Act (not adopted in Florida) contains no clear statement on de facto corporations, and the comment states that the newer rule provides a "slightly more flexible or relaxed standard." Model Business Corporation Act Annotated § 2.04, at 131 (3d ed. 1987). This court, in Ratner v. Central National Bank, 414 So.2d 210 (Fla. 3d DCA 1982), left open the question of whether Chapter 607, Florida Statutes, abolished de facto corporations. The question remains open, as the present case does not involve a de facto corporation.
[3] Although the case before us involves a contract signed before incorporation, we find no distinction between such a contract and one signed where a corporation which once existed has been dissolved. See Richmond Wholesale Meat Co. v. Hughes, 625 F. Supp. 584, 588 (N.D. III. 1985); Barker-Chadsey Co. v. W.C. Fuller Co., 16 Mass. App. 1, 5, 448 N.E.2d 1283, 1285 (1983).
[4] The Second District agrees with this reading of the statute and follows Mobil Oil. Anderson v. Hillsborough Sheet Metal, Inc., 513 So.2d 1359 (Fla. 2d DCA 1987); Wayne-Dalton Corp. v. Klinge, 506 So.2d 52 (Fla. 2d DCA 1987). See Steve's Equipment Service, Inc. v. Riebrandt, 121 Ill. App.3d 66, 76 Ill.Dec. 612, 459 N.E.2d 21 (1984) (construing similar statute; liability when individual acted with actual or constructive knowledge of corporate nonexistence); see also Richmond Wholesale Meat Co. v. Hughes, 625 F. Supp. 584 (N.D.III. 1985).
[5] The result in Robertson has been criticized as unnecessarily abolishing the concept of estoppel when the statute called only for the abolition of de facto corporations. Note, 43 N.C.L.Rev. 206 (1964).
[6] Section 607.397, Florida Statutes, is derived from the 1969 version of the Model Business Corporation Act. The promulgators of the Act  the Committee on Corporate Laws, Section of Corporation, Banking, and Business Law, American Bar Association  noted that despite the Act, courts have "continued to rely on common law concepts of de facto corporations, de jure corporations, and corporations by estoppel that provide uncertain protection against liability for preincorporation transactions." 1 Model Business Corporation Act Annotated § 2.04 official comment, at 131 (3d ed. 1987). They concluded that it was "appropriate to impose liability only on those persons who act as or on behalf of corporations `knowing' that no corporation exists," Id. at 133, and the section of the Act (renumbered as 2.04) was accordingly amended in 1984 to read, "All persons purporting to act as or on behalf of a corporation, knowing that there was no incorporation under this Act, are jointly and severally liable for all liabilities created while so acting" (emphasis supplied). Cf. Micciche v. Billings, 727 P.2d 367 (Colo. 1986) (comparing old and new provisions). These amendments to the Act simply reflect the existing law in states, such as Florida, which recognize corporate liability by estoppel and thus the need to condition individual liability with the requirement of knowledge.
[7] It is noteworthy that although Section 607.397, Florida Statutes, is without comment tacked onto two strings of cited promoter cases in Ratner, 414 So.2d at 212, neither Futch v. Southern Stores, Inc., Mobil Oil Corp. v. Thoss, nor any other case construing Section 607.397 is mentioned. This suggests to us that the Ratner court was deciding a promoter case and merely acknowledging the potential relationship of Section 607.397 to promoters who deal with people who are unaware that there is no corporation.