SHIVERS, Judge.
Appellants, Ken and Ann Forbes, appeal a final summary judgment entered in favor of appellee, The Lewis Bear Co., Inc. (“Lewis Bear”). Appellee cross-appeals, challenging a previous order of the trial court setting aside a default and final judgment entered in favor of appellee. Because we affirm the final summary judgment entered by the trial court in favor of appellee, we decline to reach the issue presented on cross appeal.
In October of 1986, Lewis Bear filed a complaint against appellants alleging that appellants owed Lewis Bear $66,433.57 in payment for goods sold to them by Lewis Bear. Appellants filed an answer on January 15, 1987. On March 13, 1987, Lewis Bear filed a motion for summary judgment *1099 and attached the affidavit of one of its vice-presidents in support of the motion. Approximately one week prior to the hearing on that motion, appellants filed the affidavit of Ken Forbes in opposition to the motion for summary judgment. On the same day, appellants filed a motion for leave to amend their answer to assert seven affirmative defenses. On May 4, 1987, the trial court granted Lewis Bear’s motion for summary judgment.
The facts indicate that the corporation, Colorvision of Pensacola, Inc., was incorporated on March 22, 1979, and was operated by David Forbes and Bruce Forbes. During the operation of the corporation, Lewis Bear supplied goods to Colorvision of Pensacola under an open account. The affidavit of Ken Forbes stated that appellants acted as agents for Colorvision of Pensacola, Inc., and conducted business with Lewis Bear in this capacity. However, the trial court found, pursuant to a stipulation of the parties at the hearing, that Colorvision of Pensacola, Inc., was involuntarily dissolved on December 8, 1980, by order of the Department of State. This fact is not contested. The trial court also found that appellants took over the ownership and operation of the business which had formerly been Colorvision of Pensacola, Inc., in 1981. This fact is not contested. The affidavit of Lewis Bear’s vice-president establishes that the claim involved in this suit is for a debt arising after the corporation was dissolved. In granting Lewis Bear’s motion for summary judgment, the trial court found that appellants were personally liable for the debt owed to Lewis Bear.
Appellants do not contest the amount of the debt or that the debt is owed to Lewis Bear. Neither do appellants challenge the trial court’s determination of the legal issue of appellant’s liability for the debt. Appellants only assert that the trial court erred in granting Lewis Bear’s motion for summary judgment because issues of fact remain regarding appellants’ liability for the debt. Ken Forbes’ affidavit stated that he and Ann Forbes never conducted business with Lewis Bear in an individual capacity. Although this testimony creates an issue of fact as to liability which normally would have prevented the trial court from granting the motion for summary judgment, appellants’ counsel stipulated at the hearing that Colorvision of Pensacola, Inc., was involuntarily dissolved in 1980, prior in time to the creation of the debt sued upon in this action. The trial court was left with only a legal determination of whether or not the owners and operators of a residual business which had once operated as a corporation under the laws of Florida were forever immune from personal liability. Appellants also argue that the trial court should have considered the affirmative defenses raised in the amended answer appellants sought to have filed. However, we find that no material issues of fact raised by the affirmative defenses will survive the stipulations of counsel made at the hearing on the motion for summary judgment.
The trial court’s determination that the corporation, Colorvision of Pensacola, Inc., was dissolved in 1980 moots any alleged disputed issues of fact set forth by appellants in their affidavit or in their amended answer. Accordingly, because Colorvision of Pensacola was not a corporation at the time appellants took over the ownership and operation of the business, appellants cannot argue that they are shielded from individual liability by the corporation. The trial court was left only with a question of law as to whether agents who have control of the operation and management of a dissolved corporation are personally liable for the debts of that dissolved corporation. No material issues of disputed fact existed, and the trial court was correct in determining the motion for summary judgment. See Anderson v. Hillsborough Sheet Metal, Inc., 513 So.2d 1359 (Fla. 2d DCA 1987).
Because we affirm the order of the trial court granting appellee’s motion for summary judgment, we decline to reach the issue presented by appellee on cross appeal.
MILLS and JOANOS, JJ., concur.