528 So.2d 1379 (1988)
James H. WALSH, Jr., and Helen B. Walsh, As Members of the Last Board of Directors of Jabar Enterprises, Inc., a Dissolved Florida Corporation, Jabar Enterprises, Inc., a Florida Corporation, James H. Walsh, Jr., Guarantor, and John T. McGovern, Appellants,
v.
The PROMENADE AT INVERRARY, a Florida Joint Venture Partnership, Appellee.
No. 87-1792.
District Court of Appeal of Florida, Fourth District.
August 10, 1988.
Alan M. Sorota and Michael Lechtman, North Miami Beach, for appellants.
Robert N. Fryer, Jr., of Robert N. Fryer, Jr., P.A., Lauderhill, for appellee.
STONE, Judge.
We reverse that portion of the final judgment finding the individual defendants liable for rent due under a corporate lease during the period the corporation was dissolved for failure to file an annual report. The corporation was in good standing at the time the lease was executed, and was subsequently reinstated.
Upon a review of the record, we conclude that there was insufficient evidence indicating that, during the period of dissolution, *1380 the individual directors assumed to act on behalf of the corporation with respect to the lease, and thus the reinstatement of the corporation did not affect the personal liability of the directors. See §§ 607.271 & 607.397, Fla. Stat. (1985). Additionally, we note that there was no proof that the individual defendants knew or should have known that the corporation had been dissolved, nor proof of any reliance by the plaintiff on any specific acts or conduct of the individual defendants. See, e.g., Harry Rich Corp. v. Feinberg, 518 So.2d 377 (Fla. 3d DCA 1987). Cf. Anderson v. Hillsborough Sheet Metal, Inc., 513 So.2d 1359 (Fla. 2d DCA 1987); Mobil Oil Corp. v. Thoss, 385 So.2d 726 (Fla. 5th DCA 1980).
Therefore, that portion of the final judgment against John H. Walsh, Jr., and Helen B. Walsh is reversed. In all other respects, the final judgment is affirmed. We remand for entry of an amended final judgment.
DOWNEY and LETTS, JJ., concur.