PER CURIAM.
George Barrie appeals the trial court’s entry of an order dismissing Jerome Buchsbaum from Barrie’s lawsuit to recover damages for an alleged breach of contract by Carved Glass, Inc. We reverse.
Jerome Buchsbaum is the president and sole director of Carved Glass, Inc. On November 16,1987, Carved Glass, Inc., was involuntarily dissolved by the Secretary of State. While the corporation was dissolved, Buchsbaum, on behalf of the corporation, allegedly entered into two oral agreements with George Barrie for installation of glass block furnishings in Barrie’s home. Barrie paid a substantial deposit for the work, but it was never performed. Barrie sued Carved Glass, Inc., and Buchsbaum individually for damages predicated on' breach of contract. Buchsbaum sought dismissal on the ground that the alleged agreements were between Barrie and Carved Glass, Inc. He maintained that he was unaware that Carved Glass had been involuntarily dissolved. The trial court granted Buchsbaum’s motion.
For purposes of a motion to dismiss for failure to state a cause of action, “allegations of the complaint are assumed to be true and all reasonable inferences are allowed in favor of the plaintiffs’ case.” Orlando Sports Stadium, Inc. v. State ex rel. Powell, 262 So.2d 881, 883 (Fla.1972). Barrie’s complaint alleges that Buchsbaum transacted business as Carved Glass, Inc., after the corporation had been involuntarily dissolved; thus, he maintains, Buchsb-aum was personally liable for the corporation’s alleged breach of contract. In his motion to dismiss, Buchsbaum states that he did not know that the corporation had been involuntarily dissolved when he allegedly contracted with Barrie, and therefore, he incurs no personal liability.
The mere statement that he lacked actual knowledge of the involuntary dissolution is insufficient to relieve Buchsbaum of personal liability. Section 607.397, Florida Statutes (1987), provides: “[a]ll persons who assume to act as a corporation without authority to do so shall be jointly and severally liable for all debts and liabilities incurred or arising as a result thereof.” Section 607.271(5), Florida Statutes (1987), states that reinstatement of a corporation after involuntary dissolution “shall have no *1010 effect upon any personal liability of the directors, officers, or agents of the corporation on account of actions taken during the period between dissolution and reinstatement.” Courts have interpreted these statutes to mean that individuals may be liable for actions taken on behalf of a dissolved corporation if they “knew or, because of their position, should have known of the dissolution.” Mobil Oil Corp. v. Thoss, 385 So.2d 726, 727 (Fla. 5th DCA 1980); accord Walsh v. Promenade at Inverrary, 528 So.2d 1379 (Fla. 4th DCA 1988); Anderson v. Hillsborough Sheet Metal, Inc., 513 So.2d 1359 (Fla. 2d DCA 1987); see also Harry Rich Corp. v. Feinberg, 518 So.2d 377 (Fla. 3d DCA 1987); but see Futch v. Southern Stores, Inc., 380 So.2d 444 (Fla. 1st DCA 1979). Buchsbaum was president and sole officer of Carved Glass, Inc.; in that position, he should have known of his corporation’s dissolution.[1] Thus, Buchsbaum is subject to personal liability for the corporation’s breach of contract. We reverse the trial court’s order dismissing Buchsbaum from the case.
Reversed and remanded.

. Buchsbaum, as president and sole director of Carved Glass, Inc., should have received the ninety day pre-dissolution notice, § 607.271(3), Fla.Stat. (1987), as well as the certificate of involuntary dissolution, § 607.271(4), Fla.Stat. (1987), required to be sent to the corporation by the Secretary of State.