548 So.2d 270 (1989)
TERRANOVA CORPORATION, a Florida Corporation, As the Authorized Managing Agent for B & D Enterprises of Miami, Inc., a Florida Corporation, Appellant,
v.
Mark FRIED, Appellee.
No. 88-2834.
District Court of Appeal of Florida, Third District.
August 22, 1989.
Keith T. Grumer, Miami, for appellant.
No appearance, for appellee.
Before HUBBART, NESBITT and LEVY, JJ.
LEVY, Judge.
A commercial landlord appeals the entry of an adverse final judgment in its action against the president of its corporate tenant, *271 in his individual capacity, for rent incurred by the corporate tenant during a period of involuntary dissolution. We reverse.
As the authorized managing agent of B & D Enterprises of Miami, Inc., appellant Terranova Corporation [Terranova] leased certain commercial space to Junard Corporation [Junard] in 1979. At all times relevant hereto, appellee Mark Fried was a shareholder in Junard, as well as being a director and the president of Junard. In fact, it appears from the record that Fried was the sole shareholder in Junard. The original lease, which had been executed by Fried as president of Junard, had been renewed numerous times and was in effect when the events at issue transpired. Junard was involuntarily dissolved by the Secretary of State in November of 1984, but, upon payment of the appropriate fee, was reinstated on June 21, 1985. In his capacity as president of Junard, Fried again renewed the lease with Terranova in July of 1985 for a three-year term. The Secretary of State again involuntarily dissolved Junard in November of 1987, but, again, Junard was reinstated in June of 1988. During this last period of dissolution, Junard failed to make certain rent payments to Terranova. Subsequent to the June, 1988, reinstatement, Terranova brought suit solely against Fried, in his individual capacity, to recover these rent payments under Section 607.397, Florida Statutes (1987).
Fried admitted that he had received notice from the Secretary of State that Junard was being involuntarily dissolved, and the trial court found, as a fact, that he knew or should have known, upon receipt of that notice, that the Secretary of State had dissolved Junard in November of 1987. The trial court, however, denied Terranova's motion for summary judgment and, instead, entered final judgment in favor of Fried, ordering that "[t]he [appellee] is not personally liable for debts incurred by a dissolved corporation when the contract under which the debts arose was entered into prior to the dissolutionment [sic]. This Court relies upon Futch v. Southern Stores, Inc., 380 So.2d 444 (Fla. 1st DCA 1979)." We find the trial court's reliance to have been misplaced.
Futch involved a supplier which sought to impose liability upon an inactive corporate officer for contracts made on behalf of Fuco Oil & Chemical Co., Inc. by another officer while the corporation was involuntarily dissolved for failure to file the annual report or to pay the annual filing fee. Futch and her son had commenced business under a fictitious name, but had shortly thereafter incorporated Fuco Oil & Chemical Co., Inc. with another person. Ms. Futch was the secretary and treasurer, a director, and a 50% shareholder in the corporation from its inception, but she did not participate in the business at all and both she and her son were unaware of the October, 1974, involuntary dissolution. The corporation was reinstated in August of 1977, and it was during the almost three-year dissolution period that the contracts at issue were signed by the active corporate officer. The supplier brought suit against Futch and her son, doing business as Fuco Oil & Chemical Co., Inc., jointly and severally, arguing that, as a matter of law, Ms. Futch was liable under Section 607.397, Florida Statutes (1977) because the contracts were transacted during the dissolution period while she "assumed to act" as an officer and director of the corporation, and further contending that, under Section 607.271(5), Florida Statutes (1977), while the corporation may nonetheless have ultimately been reinstated, "[t]he reinstatement shall have no effect upon any personal liability of the directors, officers, or agents of the corporation on account of actions taken during the period between dissolution and reinstatement... ." The First District Court of Appeal reversed the summary judgment entered in favor of the supplier, thereby requiring a showing of fraud before allowing the piercing of the corporate veil (which showing was absent from the record), and further concluding that "in the absence of any action inducing reliance on the individual assets of a person acting on behalf of a corporation, the plaintiff's action should be limited to one *272 against the corporation." Futch, 380 So.2d at 446.
While in Futch the officer whom the plaintiff sought to hold liable was a 50% shareholder, the secretary and treasurer, and completely uninvolved in the operation of the business, the record in the matter now before this Court indicates that Fried was the sole shareholder in Junard, that he was a director and the president of Junard throughout its corporate "existence," and that it was he, not another officer (if indeed there were another), who, as president of Junard, contracted with appellant and executed the lease renewal in July of 1985. In further distinction from Futch, the subject lease was entered into prior to the dissolution, as the final judgment here noted, while the contracts in Futch were executed during the dissolution. Finally, the dissolution in Futch was unknown to the corporate officer against whom liability was sought, while here it has been established that Fried received notice from the Secretary of State of the impending dissolution, and that he knew or should have known of the actual dissolution.
We find this case to be controlled by Harry Rich Corp. v. Feinberg, 518 So.2d 377 (Fla. 3d DCA 1987), where this court denied relief to a creditor which sought to hold Feinberg liable on behalf of a corporation which did not exist when Feinberg, as "president" of the "corporation", signed a contract with the creditor to purchase carpeting for the corporation. Feinberg had recently been made president of the business and was under the mistaken impression when he entered into the contract that the business had been incorporated. Upon discovering that it was not, he instructed the corporate attorney to effect the incorporation, which was accomplished within two weeks. When a dispute arose regarding the carpet contract, the supplier sued the business and certain related corporations, only to learn through pre-trial discovery that the business was not incorporated at the time the contract was signed. The supplier thereupon amended its complaint to add Feinberg as a defendant. After a non-jury trial, the court found the corporation liable, but entered a judgment in favor of Feinberg individually, finding that he did not actually or constructively know that the business, on whose behalf he had acted, was not, in fact, incorporated at the time and, furthermore, that the supplier did not rely on Feinberg's assets or credit in making the contract. The supplier did not contest the later finding, and argued that the former was irrelevant. This court concluded otherwise, affirming the judgment of the learned trial judge and quoting from Mobil Oil Corp. v. Thoss, 385 So.2d 726, 727 (Fla. 5th DCA 1980):
[W]e do not think the Legislature intended to impose liability on every director or agent of a dissolved corporation who does not act or who has no knowledge of the dissolution. We find it significant that section 607.397 is worded, "[a]ll persons who assume to act... ." (Emphasis added.) It does not impose liability on all persons who act, only those who assume to act. We conclude that the use of this language reflects an intent to limit the statute's application to those persons who knew or, because of their position, should have known of the dissolution.
Id. at 380, see also Anderson v. Hillsborough Sheet Metal Inc., 513 So.2d 1359 (Fla. 2d DCA 1987) (adopting reasoning of Mobil Oil that, despite absence of fraud or reliance upon the credit of individual, active officer/president who entered into materials contract during period of involuntary corporate dissolution and who failed to assert that he did not know of dissolution was personally liable); Mobil Oil, 385 So.2d at 727 (imposing personal liability upon corporation president who knew or should have known of dissolution and who, during dissolution period, purchased fuel oil in name of corporation); but see Walsh v. Promenade at Inverrary, 528 So.2d 1379 (Fla. 4th DCA 1988) (individual corporate directors held not personally liable under pre-dissolution contract for rent incurred during involuntary dissolution period where there was no proof that defendants knew or had reason to know that corporation had been dissolved).
Fried's activities were such that he was an active officer of Junard who admittedly *273 knew or should have known of the dissolution, but nonetheless continued to operate Junard from premises leased from Terranova. We find his personal responsibility for the rental payments to be clear, and conclude that the subsequent reinstatement of Junard was insufficient to shield him from personal liability during the dissolution period. Accordingly, the Judgment is reversed and the case is remanded for further proceedings consistent herewith.
Reversed and remanded.