PER CURIAM.
Directly contrary to the ruling below, the officers and directors of a dissolved corporation are not ipso facto liable for an obligation of the corporation incurred prior to its dissolution. Compare § 607.271(5), Fla. Stat. (1989) (repealed 1990; current version at § 607.1430, Fla.Stat. (1991)); § 607.397, Fla.Stat. (1989) (repealed 1990; current version at § 607.0204, Fla.Stat. (1991)); Anderson v. Hillsborough Sheet Metal, Inc., 513 So.2d 1359 (Fla. 2d DCA 1987) (personal liability imposed for debt incurred after dissolution of corporation). The summary judgment upon review, which was based upon the opposite determination, is therefore reversed, and the cause is remanded with directions appropriately to consider the claim that the individual appellants are liable as distributees, or for violation of their duties as trustees of the assets of the dissolved corporation. See § 607.-301, Fla.Stat. (1989) (repealed 1990); Kyle v. Stewart, 360 F.2d 753 (5th Cir.1966); Gould v. Brick, 358 F.2d 437 (5th Cir.1966); Trueman Fertilizer Co. v. Allison, 81 So.2d 734 (Fla.1955); Southern Life Ins. & Trust Co. v. Lanier, 5 Fla. 110 (1853).
Reversed and remanded with directions.