COPE, J.
(specially concurring).
I concur that the summary judgment must be reversed, but disagree on the reasoning.
I.
In 1993, the appellee landlord leased space to Michael R. Presley’s law firm. The lease *330 identifies the tenant as Michael R. Presley, P.A., and the lease was signed by Michael R. Presley, president. The landlord did not obtain a personal guarantee of the lease from Presley individually.
Twenty months before the end of the lease, the tenant vacated the premises and stopped paying rent. The landlord sued Presley individually for the rent due for the final twenty months of the term.
The landlord moved for summary judgment on two theories. First, the landlord had learned that the correct name for Presley’s professional association was “The Law Offices of Michael R. Presley, P.A.,” not “Michael R. Presley, P.A.” The landlord contended that by entering into the lease as “Michael R. Presley, P .A.,” Presley had knowingly acted on behalf of a nonexistent corporation, and thereby incurred personal liability. Second, during the course of the lease Presley’s professional association was dissolved for nonpayment of fees, and the law firm continued to occupy the space while the professional association was administratively dissolved. The landlord contended that Presley had thereby incurred personal liability under the decision in Terranova Corp. v. Fried, 548 So.2d 270 (Fla. 3d DCA 1989).
The trial court entered summary judgment in favor of the landlord, finding Presley personally liable under the lease, and Presley has appealed.
II.
It is undisputed that, at the time the lease was executed, the entity entitled “The Law Offices of Michael R. Presley, P.A.” was a duly organized Florida corporation in good standing. The landlord contends that because the entity shown on the lease is “Michael R. Presley, P.A.” instead of “The Law Offices of Michael R. Presley, P.A.,” it follows that Presley knowingly acted on behalf of a nonexistent corporation and thereby incurred personal liability. See § 607.0204, Fla.Stat. (1991); see also Harry Rich Corp. v. Feinberg, 518 So.2d 377, 379-82 (Fla. 3d DCA 1987) (construing earlier version of statute).
This claim by the landlord is without merit. As stated by one authority:
[T]he misnomer of a corporation generally will not be treated by the courts as material, if the identity of the corporation is reasonably clear or can be ascertained by sufficient evidence. In other words, slight departures from the name used by the corporation, such as the omission of a part of its name or the inclusion of additional words, generally will not affect the validity of contracts or other business transactions as long as the identity of the corporation can be reasonably established from the evidence.
6 William Meade Fletcher et al., Fletcher Cyclopedia of the Law of Private Corporations § 2444, at 156-58 (perm. ed. rev.vol. 1996) (emphasis added; footnotes omitted).
Similarly:
It is the general rule that, where there is a misnomer of a corporation in a grant, obligation, written contract, notice, or the like, if there is enough expressed to show that there is such an artificial being, and to distinguish it from all others, the corporate body is well named, even though there is a variation of words and syllables.
18A Am.Jur.2d Corporations § 286, at 197 (footnote omitted).
Here, it is clear that Presley’s professional association was the entity being referred to. The omission of the phrase “The Law Offices of’ was immaterial. As stated in a comparable case, “[t]he discrepancy in the corporate name ... is not a sufficient basis to ignore the corporate form.” Schwartz v. Spectratech Ink Co., 568 So.2d 544, 545 (Fla. 5th DCA 1990). There is no claim by the landlord that Presley was signing on behalf of some other professional association. The fact that there was a discrepancy in the corporate name does not mean that Presley undertook to act on behalf of a nonexistent corporation.
III.
According to the majority opinion, the landlord argues that it dealt with Presley individually at all times. I believe that the *331 majority opinion misapprehends the landlord’s position.
To begin with, the lease shows on its face that the tenant is a professional association. The lease is signed by the professional association’s president in his capacity as such. That being so, the landlord cannot now impose personal liability on Presley simply by claiming that he thought he was dealing with Presley individually. “[Appellee’s] testimony that he thought he was dealing with [appellant] individually is belied by the contract he signed and in any event is insufficient to impose personal liability on [appellant].” Rupp v. Schon, 608 So.2d 934, 935 (Fla. 4th DCA 1992).
In recognition of the plain language of the lease, the landlord’s affidavit acknowledges that the tenant was a professional association.[1] It is the landlord’s position, as stated above, that “Michael R. Presley, P.A.,” was a nonexistent corporation and that personal liability flows as a matter of law.
IV.
The landlord’s more substantial argument in the trial court was based on the fact that, during the lease term, Presley allowed the professional association to be involuntarily dissolved for failing to pay its fees. Presley continued to occupy the space for twenty months while the corporation was dissolved, and then vacated the space. This court addressed a similar situation in Terranova Corp. v. Fried, 548 So.2d 270 (Fla. 3d DCA 1989). In that case, Fried was the president and director of the corporate tenant “who admittedly knew or should have known of the [corporate] dissolution, but nonetheless continued to operate [the tenant corporation] from premises leased from Terranova.” Id. at 272-73. This court concluded that under the pre-1989 version of the Florida General Corporation Act, Fried was personally liable for the rent during the period that the corporation was dissolved, not withstanding that the corporation was later reinstated. See id.
The landlord argued that Terranova was controlling here.[2] The problem with the landlord’s theory on this point is that in 1989, the Legislature changed the corporation statute. Prior to 1989, the Corporation Act specifically provided that “[t]he reinstatement [of a dissolved corporation] shall have no effect upon any personal liability of the directors, officers, or agents of the corporation on account of actions taken during the period between dissolution and reinstatement....” § 607.271(5), Fla.Stat. (quoted in Terranova, 548 So.2d at 271).
As part of the 1989 revision of chapter 607, Florida Statutes, the Legislature replaced the foregoing with the following:
A director, officer, or agent of a corporation dissolved pursuant to this section, purporting to act on behalf of the corporation, is personally liable for the debts, obligations, and liabilities of the corporation arising from such action and incurred subsequent to the corporation’s administrative dissolution only if he or she has actual notice of the administrative dissolution at the time such action is taken; but such liability shall be terminated upon the ratification of such action by the corporation’s board of directors or shareholders subse *332 quent to the reinstatement of the corporation under ss. 607.1401-607.14401.
§ 607.1421(4) Fla.Stat. (emphasis added) (enacted by ch. 89-164, §§ 128, 166, Laws of Fla.).[3]
By its terms, this amendment was intended to eliminate personal liability of directors, officers and agents of administratively dissolved corporations upon (1) proper reinstatement of the dissolved corporation and (2) corporate ratification of actions taken during the period of administrative dissolution.
Here, the landlord entered into a lease with the tenant, a corporation, which was in good standing at the time the lease was executed. Thereafter, the tenant’s corporate existence was administratively dissolved for failure to pay fees. Still later, the tenant reinstated its corporate existence and ratified the corporate actions during the period of dissolution. Under section 607.1421(4), the statute operates to return the parties to their original positions, and the landlord must look to the corporation for payment. Because the change in the corporate statutes has undercut the foundation of Terranova, reliance on that decision was misplaced.
V.
For the reasons stated, the landlord’s arguments advanced thus far for imposition of personal liability on Presley are without merit. On remand, however, the landlord should be allowed to amend to assert such theories as may be available to pierce the corporate veil. See generally Dania Jai-Alai Palace v. Sykes, 450 So.2d 1114, 1117-20 (Fla.1984). The record now before us indicates that in 1994, after the lease term was already under way, Presley created yet another professional association for purposes of law practice: Michael R. Presley, Chartered. If Presley treated the professional associations as his alter egos, or otherwise used them in a way which runs afoul of the fraudulent conveyance act, see ch. 726, Fla.Stat., then the landlord will have a remedy.

.The affidavit of the landlord’s agent states:
1. At all times material hereto, I negotiated the lease agreement with Michael Presley for suite 20 at 4601 Ponce de Leon Boulevard, Coral Gables, Florida.
2. At all times material hereto, I negotiated with Michael Presley individually and in furtherance thereof, a lease was prepared by my office and presented to him, a copy of which is attached hereto as Exhibit “A”.
3. On execution of the lease, Michael Presley added the initials P.A. after his name. A copy of the executed lease is attached hereto as Exhibit "B”.
4. At no time did I make any effort to ascertain if Michael Presley had formed a professional association nor did he advise me of the existence of any legal entity designated as such.
Although immaterial here, there is a dispute between the parties whether Presley himself added the “P.A." designation to the lease (landlord’s position) or whether the landlord did it at Presley’s request (Presley’s position).

. There was a factual difference, because the dissolved professional association in the present case paid all rent due through the date that it vacated the leased premises. However, the dissolved professional association did not pay the rent for the remaining twenty months of the lease term, nor was the professional association reinstated during that twenty-month period.

. Also repealed was another provision relied on . by Terranova, section 607.397, Florida Statutes. See ch. 89-154, § 166, Laws of Fla. The differently worded successor provision is section 607.0204, Florida Statutes.